GERTRUDE M. BARNHART, as Administratrix, etc., of JOHN A. BARNHART, Deceased, Respondent, *v.* THE AMERICAN CONCRETE STEEL COMPANY, Appellant.

*Master and servant — negligence — death — constitutional law — New Jersey statute.*

Appeal by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of Nassau on the 1st day of May,

1916, in favor of the plaintiff, and also from an order entered in said clerk's office on the 13th day of April, 1917, denying a motion for a new trial.

Judgment and order reversed, with costs, and complaint dismissed, with costs, on the ground that the New Jersey Compensation Law* was applicable to the case as the decedent was a resident of New Jersey, the defendant, a New Jersey corporation, and the contract of hiring was made there, and we conclude that the New Jersey statute governed, although the accident happened while the decedent was, under such employment, at work within this State. Jenks, P. J., Stapleton, Mills and Putnam, JJ., concurred; Blackmar, J., read for affirmance.

BLACKMAR, J. (dissenting): The Constitution of the State of New York (Art. 1, § 18) provides that " The right of action now existing to recover damages for injuries resulting in death, shall never be abrogated." The right of action sounds in tort, and is governed by the laws of the State where the injuries are inflicted. By this provision. it became a cause of action vested in the personal representative of the deceased, and cannot be waived by the employee, for it is not his nor derived from him, but granted by the Legislature and confirmed by the Constitution directly to his personal representatives representing his next of kin.† Passing for the moment the constitutional and legislative enactment regarding working-men's compensation in the State, I think it must be admitted that in case of a cause of action arising in this State, the Legislature of the State of New Jersey has no power to abrogate it, nor to authorize an employee to bargain away that right, given by our statute to his next of kin. Article 1, section 19, of our Constitution, adopted as an amendment in 1913, provides that " Nothing contained in this Constitution shall be construed to limit the power of the Legislature to enact laws for the protection of the lives, health, or safety of employees; or for the payment  *  *  *  of compensation for injuries to employees or for death of employees resulting from such injuries  *  *  *  or to provide that the right of such compensation, and the remedy therefor shall be exclusive of all other rights and remedies for injuries to employees or for death resulting from such injuries," etc. This, amendment to the Constitution restored the legislative competency over this class of actions in so far as they grew out of the relations of master and servant; and the Workmen's Compensation Law ‡ has, *pro tanto*, abrogated it. But the amendment did not confer on the Legislature of New Jersey the power to abrogate this cause of action in the State of New York. How, then, can a legislative act in New Jersey, and a contract made thereunder, abrogate a cause of action for damages in tort, created by a New York statute, and protected by a New York Constitution?

* N. J. Laws of 1911, chap. 95, as amd.— [REP.
† See Code Civ. Proc. § 1902 *et seq.*— [REP.
‡ Consol. Laws, chap. 67 (Laws of 1914, chap. 41), as amd.— [REP.