## AMERICAN MUT. LIABILITY INS. CO. v. McCAFFREY et al.

Circuit Court of Appeals, Fifth Circuit.
January 28, 1930.

Rehearing Denied March 7, 1930.

No. 5622.

Y. D. Mathes and H. Malcolm Lovett, both of Houston, Tex. (Y. D. Mathes, of Houston, Tex., Benjamin Brooks, of Boston, Mass., and Baker, Botts, Parker & Garwood, of Houston, Tex., on the brief), for appellant.

Ralph K. Gillen, of Dallas, Tex. (Caldwell, Gillen, Francis & Gallagher and R. K. Gillen, all of Dallas, Tex., on the brief), for appellees.

Before WALKER and FOSTER, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge. The Chattanooga Boiler & Tank Company was a Tennessee corporation, engaged in the manufacture, among other things, of tanks, used by oil companies, which at times, under its contracts, it would erect for its customers. Hav-

ing sold a tank to be erected at Engleside, Tex., on or about the 15th day of April, 1928, at Chattanooga, Tenn., it employed plaintiff, appellee herein, as a boiler maker to go to Engleside and assist in the erection of said tank. His salary was $40 per week, to begin from the time he boarded the train in Tennessee, and was furnished transportation to his destination in Texas. The evidence is somewhat in conflict as to whether he was to be supplied with transportation to return to Chattanooga. However, he did no work in Tennessee, and it was not contemplated in his employment that he should. He proceeded to Texas and while so employed, on May 10, 1928, received an injury to his eye for which this suit was brought under the Compensation Law (Rev. St. 1925, arts. 8306–8309, as amended) of that state.

The defendant is the insurer of his employer against such liability, both in Tennessee and Texas.

The first contention was that because the contract of employment was entered into in the state of Tennessee, plaintiff's right to recover was solely under the Compensation Law of that state. After the evidence was completed, defendant filed a plea of election, and in compliance with an order of the court below, plaintiff elected to stand upon his alleged rights under the law of Texas. The court below having charged the jury that plaintiff was entitled to recover under the Compensation Law of Texas for such injuries as he had received, the jury returned a verdict for permanent total disability in a lump sum, and from a judgment thereon the defendant has appealed.

We shall first dispose of the question of plaintiff's right to proceed under the Texas statute, as it appears at the threshold of the case.

The Employers' Liability Laws, both of Texas and Tennessee, contain provisions purporting to give them extraterritorial effect, in the sense that they should apply to injuries received in the course of employment thereunder, whether within or without the state. But we think such provisions as these must be construed with reference to the subject-matter with which the Legislature was dealing. At the present day, most states, under their police power, have adopted workmen's compensation laws for the benefit of the laboring classes, and to remove the uncertainties and economic suffering incident to injury and death in industry, by equalizing the burden between employer and employee. This policy has likewise been adopted by the national government with respect to interstate commerce and in the public service. However, it is fundamental that in doing so a state is confined to transactions and relations over which it has territorial jurisdiction, for it would seem clear that no one of them could conclusively declare what the rights of its own citizens or those of such citizens and nonresidents should be in matters arising wholly within another state, especially if the attempted provisions were in conflict with the positive law of the other state.

In the nature of things, there may be classes of employment falling under such laws which incidentally require the performance of duties beyond state lines, and which are so intimately connected with the main object as to make them in effect a part thereof. As an illustration, we might mention the hypothetical case of an industrial plant located so close to the line of another state that its employees would reside in a town or city located in the latter, and the employer, in the interest of its business, might see fit to transport them to and from their work. If one or more of them were injured while being so transported, but within the other state, we do not doubt but that the rights of the parties could be determined by the law of the state where they performed their duties. In such a case there would neither be employment in nor the performance of any work in the state where they were injured, yet the employer, under the decisions of most courts, would be liable because in legal contemplation they were in the course of their employment.

On the other hand, where the contract of employment is clearly for services to be wholly performed in another state, it would be going very far to say that the Legislature even intended that its regulations should govern liabilities arising therefrom. The possibilities of conflict between the authority of the two sovereignties at once suggest themselves, to say nothing of the abuses that might arise if the national courts should uphold the contention that because the contract was made in one state it must be construed according to its laws, regardless of those of another where the work was to be done and the matters out of which the controversy arose occurred. The laws of one state might be more favorable to the employer, and, wishing to be governed thereby, it might engage all of its employees therein and send them to the other state, regardless of distances or initial expense. Then, when the time came to respond to the claims of an injured employee or his heirs, it would insist upon being sued where the contract was made, with all of the incidental expense and inconvenience, such as complying with

**872**

the requirement in some states, as a condition precedent to filing a suit, of having the cause investigated and the rights of the parties determined by an administrative board or commission, the employment of counsel to bring suit, the attendance by the employee at the trial, the obtaining of his evidence, etc., all of which could be held to a minimum if the cause could be prosecuted in the immediate locality where the injury or death occurred.

■ As against these considerations, it is urged that because of the diversity of statutory provisions of the various states, the employer and employee are entitled to make a contract under the laws of a particular state with which they are familiar, and to be governed thereby in their relations, without being subjected to the uncertainties of those of other states, of which they know nothing, merely because they may find it necessary to have their agreements performed somewhere else. We think a sufficient answer would be that such reasons are far outweighed by the questions of public policy which we have mentioned. Besides, when doing business in or undertaking the performance of work in another state, one is charged with the knowledge that he subjects himself to its laws, which are not in conflict with the federal Constitution, and if he does not wish to be governed thereby, he need not bring himself under its authority.

■■ We shall not indulge in a discussion of nor attempt to differentiate the many cases cited by counsel from state courts, as some of them appear to support one side and some another. We prefer to cling to the well-recognized principle that a contract made in one state, to be wholly performed in another, as to remedies, is governed by the law of the state where the performance is had. And in the absence of clear proof to the contrary, it will be presumed that the parties intended such agreement to be controlled thereby. 13 C. J. p 259, verbo "Contract," § 32. It must be remembered that the principal contract in this case involved the reciprocal obligations of the plaintiff to perform certain work in the state of Texas, and of the defendant to pay the stipulated salary or wages therefor. The action does not involve a breach of the contract so as to require an interpretation of the meaning and effect of its terms with respect to the performance of those obligations, but simply raises the question of what law is to govern the rights of the parties as to the liability of the employer to pay and of the employee to receive compensation for what was otherwise a tort. The matter of compensation was dependent upon his being injured or killed while rendering the service agreed upon at the place named, and hence affected the relief or remedy which he should have for what, as stated, under the common law, was a tort. Compensation statutes are merely substitutes for the common law to this extent. In the absence of such a statute in either state, there could be no question but that the plaintiff might have maintained his action in Texas, provided he could obtain legal citation, notwithstanding his employment in Tennessee. There was no express agreement between the parties to the contrary, even if it be conceded that they might have contracted to be governed differently in the absence of a prohibitory statute in the other state. The nature and basis of the action has not been changed by the compensation statute, but only the remedies and extent of recovery, which are peculiarly matters addressed to the law of the forum.

■ It is further claimed that the plaintiff did not allege and prove facts which brought his case under the provisions of the Texas statute. The petition, in its second article, alleges that the plaintiff was employed on the 15th day of April, to do certain work at Engleside, Tex., at a named salary, and that "under said contract of employment plaintiff continued to work for said Chattanooga Boiler & Tank Company until he was injured and disabled, as herein alleged." He subsequently alleged that he was injured on the 10th day of May, or some 25 days later. He also alleged that his employment, both as to the nature of the work and the number of employees, came within the provisions of the Texas Compensation Law, and that his employer had subjected itself to that jurisdiction by taking out a policy of insurance with the defendant company to cover its liability as an employer, which was in full force and effect when he was injured; further, that he had given the notice and made his claim within the periods provided by the Texas statute; that defendant ignored his said claim, and the same thereafter came on to be regularly heard before the Industrial Accident Board of the state, which, after giving due notice to all parties and hearing had, did on the 17th day of July, 1928, make its finding. On the trial the parties stipulated as follows:

"That on or about May 10, 1928, Chattanooga Boiler & Tank Company was a subscriber under the Employers Liability Law of Texas and carried a policy of insurance with American Mutual Liability Insurance

Company, containing the provisions and conditioned as required by said Act.

"II. That W. H. McCaffrey filed a claim with the Industrial Accident Board based upon injuries alleged to have been received on or about said date. The Industrial Accident Board rendered a final award in said claim on July 17, 1928. Within twenty days after July 17, 1928, each party filed a written notice of intention to appeal with the Industrial Accident Board, and within twenty days after filing such notice, W. H. McCaffrey filed suit in the District Court of San Patricio County, Texas, which cause is No. 146 Law, it having been removed to this Court by American Mutual Liability Insurance Company. Within twenty days after filing notice above described American Mutual Liability Insurance Company filed a cross action in cause No. 146 Law and also filed cause No. 145 Law in this Court."

Hence we must conclude, in the absence of proof to the contrary, that both the employer and insured had complied with the laws of Texas necessary to bring them under the compensation statute.

Section 3c of article 8306 of the Revised Statutes of Texas, provides:

"From and after the time of the receipt by the Industrial Accident Board of notice from any employer that the latter has become a subscriber under this law, all employes of said subscriber then and thereafter employed, shall be conclusively deemed to have notice of the fact that such subscriber has provided with the association for the payment of compensation under this law."

Sections 3a and 3b of the same article read:

"An employe of a subscriber shall be held to have waived his right of action at common law or under any statute of this State to recover damages for injuries sustained in the course of his employment if he shall not have given his employer, at the time of his contract of hire, notice in writing that he claimed said right or if the contract of hire was made before the employer became a subscriber, if the employe shall not have given the said notice within five days of notice of such subscription."

"If an employe who has not given notice of his claim of common law or statutory rights of action, or who has given such notice and waived the same, sustains an injury in the course of his employment, he shall be paid compensation by the association as hereinafter provided, if his employer is a subscriber at the time of the injury."

In view of what plaintiff alleges as to the time and place of his employment, the admission with respect to his employer having become a subscriber for insurance under the statute, and the defendant insurance company having assumed the liability plus the showing that the claim was made and prosecuted before the Industrial Board, we think it conclusively established that he comes under the Texas law. See Texas Refining Co. v. Alexander (Tex. Civ. App.) 202 S. W. 131, 136; Texas Employers' Insurance Association v. Price (Tex. Civ. App.) 300 S. W. 667, 669; Bailey v. Texas Indemnity Insurance Co. (Tex. Com. App.) 14 S.W.(2d) 800; Griffith v. Associated Employers' Reciprocal (Tex. Civ. App.) 10 S.W.(2d) 129, 131.

Defendant also complains of the lower court's refusal to set aside the verdict because, as it charges, there was no evidence to sustain the finding of total disability; and further because the jury gave a verdict for a lump sum instead of weekly installments.

As to the first proposition, there was substantial evidence to sustain plaintiff's contention that he was totally incapacitated to perform any useful work of the nature for which he was fitted by education, training, and experience, and for this reason, neither the court below nor this court would be justified in setting aside the verdict on that ground. As to the latter proposition, the statute of Texas permits the jury to render a verdict for a lump sum in cases where it would be manifestly unjust not to do so. The law upon the subject was clearly stated to them, that is, that they should consider the circumstances of the plaintiff, and if in their judgment it would be manifestly unjust not to do so, they should fix a lump sum, but in doing so it should be based upon the present value of the total which would be received under the provisions of the law for total permanent disability, over the installment period.

In its motion for a new trial, defendant alleged that plaintiff had, since the institution of this suit, filed a similar action in Tennessee, and on this additional ground asked that the case be reopened and the case be dismissed. In answer thereto, the plaintiff set up that the reason for filing

another suit in Tennessee was that he could not foresee what the outcome of the present one might be, and he had sought to avoid the running of limitations there if he should ultimately fail of recovery in this case.

We, of course, cannot say what may be the outcome of the case in Tennessee, but in view of plaintiff's pleading and election to proceed under the Texas law, the courts of Tennessee will no doubt afford defendant such protection against a double payment as law, equity, and justice may require. We do not think this a sufficient ground for disturbing the judgment of the lower court.

Finding no error in any of the matters complained of, or upon the record as a whole, the judgment below is affirmed.