## OCEAN ACCIDENT & GUARANTEE CORPORATION, Limited, v. TURNER.

### No. 6234.

Circuit Court of Appeals, Fifth Circuit.

Feb. 4, 1932.

Rehearing Denied Feb. 26, 1932.

Pinkney Grissom, of Dallas, Tex., for appellant.

H. J. Yarborough, of Dallas, Tex., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

Appellee was employed as a laborer by Roberts Brothers Construction Company, a subscriber to the Workmen's Compensation Law of Texas, articles 8306–8309, R. C. S., 1925, as amended, with appellant as insurer. In the course of his employment, while putting gasoline into the tank on a shovelling machine, he fell off a box on which he was standing, spilling gasoline on himself. In stumbling, he knocked over a lantern which ignited the gasoline on his clothing, and he was severely burned. He applied to the Industrial Accident Commission, and was awarded compensation. Being dissatisfied

with the award, he appealed to the District Court, claiming a lump sum settlement under the provisions of the law. No question was raised as to jurisdiction, and it was conceded that appellee was temporarily totally disabled, and, under the provisions of the act, based on the wages he was earning, he was entitled to the maximum compensation allowed at the rate of $20 weekly, for a period not exceeding 401 weeks, but total permanent disability was denied. The case was tried to a jury and a verdict was rendered awarding him a lump sum settlement, which, after deducting 18 weekly payments that had been made to him, amounted to $6,421.

Error is assigned to the overruling of a motion for a directed verdict. There was testimony tending to show that prior to the accident he was a strong healthy man weighing about 170 pounds, and able to do hard manual labor; that because of the accident he had lost 40 to 50 pounds in weight, and was unable to perform the same class of labor as formerly; that he had been severely burned about the head and his hearing had been permanently impaired, about 50 per cent. in one ear, and 25 per cent. in the other; that both arms and wrists had been burned, and he had lost motion in them to a considerable extent so that he could not properly flex them and could not raise heavy weights. These facts are practically undisputed. Therefore the question presented was mainly whether his total disability would continue and be permanent. On this point there was considerable conflict in the evidence, because of which the case was essentially one for the jury. Considering all the evidence, we cannot say that it did not sufficiently preponderate in appellee's favor to support the verdict.

Error is assigned to the refusal of the court to give certain special charges requested and to certain portions of the charge as given. We may consider these together. Appellant requested the charge "that by the term total incapacity is meant that the employee is wholly disabled from performing any useful work of the nature for which he is fitted by education, training and experience." This was refused, but the court was not required to give the charge in the exact wording of the request. In the course of the general charge, the court, in stating the issues, left it to the jury to say whether the employee had sustained injuries in the regular course of his employment that totally and permanently incapacitated him to perform those services by which he is, by training and education and

experience, fitted to perform; if so, should he have his recovery for such total and permanent disability in a lump sum. This is substantially the same as the charge requested, and fully covered it. Further, the court said: "The phrase 'total incapacity' * * * as used in the Workmen's Compensation Law does not imply an absolute disability to perform any kind of labor but a person disqualified from performing the usual tasks of a workman in such a way as to enable him to procure and obtain employment, is ordinarily regarded as totally incapacitated." These excerpts are in harmony with the charge as a whole, which fairly and fully presented both sides of the case to the jury. There could be no doubt that the charge correctly interpreted the law. The purpose of the law is compensation. It provides for lump sum settlements in cases of total permanent disability, and even in cases of hardship, for the very purpose of giving the injured employee sufficient capital to engage in some remunerative business. Georgia Casualty Co. v. Ginn (Tex. Civ. App.) 272 S. W. 601; United States Fidelity & Guaranty Co. v. Vogel (Tex. Civ. App.) 284 S. W. 650; American Mut. Liability Ins. Co. v. McCaffrey (C. C. A.) 37 F.(2d) 870.

We find no error in the charge given, nor in the refusal of the special charges requested.

Other assignments are without merit and need not be discussed. The record presents no reversible error.

Affirmed.