THE PEOPLE OF THE STATE OF NEW YORK ex rel. NORMAN STEIN, Relator, v. THOMAS H. MURPHY, as Warden of Clinton Prison, Dannemora, N. Y., Respondent. — Application for leave to prosecute appeal on typewritten papers granted. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

HERBERT M. QUICK, by GEORGE W. QUICK, His Guardian ad Litem, Respondent, v. CENTRAL HUDSON GAS & ELECTRIC CORPORATION, Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Petition of ALMA M. FABRICIUS, Appellant, for a Certiorari Order against FRANK P. GRAVES, as Commissioner of Education, State of New York, Respondent, and THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Impleaded Party, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of A. FRANCESCHETTI, Respondent, against SOLVAY PROCESS COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of MARY GRASSO, Respondent, against DONALDSON-REYNOLDS, INC., and NEW JERSEY MANUFACTURERS CASUALTY INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer and insurance carrier from an award of death benefits made by the State Industrial Board under the Workmen's Compensation Law to the widow of Angelo Grasso, deceased employee. Angelo Grasso, the deceased employee, was injured on January 7, 1937, while working within the State of New York, and died in this State two days later. The State Industrial Board has found that his employment was at a fixed place located within the State. The employer is a New Jersey corporation and deceased was a resident of that State. Deceased had worked at this New York location off and on for over five years, whenever his employer had work at this location. He was paid in New York and had worked steadily on this New York job for about four months prior to the accident. (*Matter of Amaxis* v. *Vassilaros, Inc.*, 258 N. Y. 544.) Award affirmed, with costs to the State Industrial Board. Hill, P. J., Crapser, Bliss and Heffernan, JJ., concur; Rhodes, J., dissents, and votes to reverse the award and to dismiss the claim, on the ground that the employment in New York State was an incident of the employment in New Jersey and the injuries received were not compensable here. (See *Barnhart* v. *American Concrete Steel Co.*, 181 App. Div. 881; affd., 227 N. Y. 531; *Matter of Proper* v. *Polley*, 259 id. 516; *Matter of Whitmire* v. *Blaw-Knox Constr. Co.*, 263 id. 675.)