In the Matter of the Claim of JENNIE E. BAUSS, on Behalf of Herself and Minor Child, Appellant, against CONSOLIDATED CHIMNEY Co., INC., et al., Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 14, 1945.

*Frank A. Pfalzer* for appellant.

*Fred Van Aernam* for respondents.

*Nathaniel L. Goldstein, Attorney-General,* for State Industrial Board.

BREWSTER, J. This is an appeal by claimant from a denial of death benefits sought under the Workmen's Compensation Law. That statute's lack of definition as to its territorial

scope as to compensable injuries occurring within our State in the course of work performed here but in an employment obtaining elsewhere, gives rise to the sole question presented.

Claimant's husband, a bricklayer, was killed when he fell from an industrial plant chimney in process of construction at Niagara Falls, N. Y., on September 10, 1941. Thus engaged, he was in the employ of an Illinois corporation, the employer-respondent. Its main office and principal place of business was in Chicago of which city decedent was a resident. He had been in its employ as a bricklayer, and in the employ of others engaged in the same or similar business, for many years and worked in many different States for varying periods. Employer-respondent's business was the construction of chimneys, chiefly, it seems, for industrial plants. It maintained an office in New York City and at places in other States, but this, it seems, was only or chiefly for solicitation and receipt of business. Decedent was separately hired for each job upon which he worked and was paid only for his worktime. All of his hirings by employer-respondent took place in Chicago, save the last one which evidently occurred in Pennsylvania when he had finished working for employer-respondent on a job there. He had previously, in the Spring of 1941, worked at Niagara Falls, N. Y., on another job for the same employer for whom, since November 28, 1940, he had worked at varying periods on jobs in six different States. It was his employer's custom to send him to various locations wherever the work might be located. Relief afforded by the remedy of our statute has been denied to his family upon the ground that the claim does not come within its jurisdiction.

The jurisdictional scope of the statute (Workmen's Compensation Law), received extended treatment in *Matter of Cameron v. Ellis Construction Co.* (252 N. Y. 394). There it was said that "The statute imposes upon every employer, foreign or domestic, the duty to secure to his workmen compensation for injuries, wherever sustained, arising out of and in the course of *employment located here*" (italics supplied); that "* * * hazardous employment elsewhere, though connected with a business conducted here, does not come within its scope" (p. 397); that "Occasional transitory work beyond the State may reasonably be said to be work performed in the course of employment here;" that "employment confined to work at a fixed place in another State is not employment within the State * * *." (p. 398), and the pronouncement was that "*The test in all cases is the place where the employment is located.*" (P. 397.) (Italics supplied.)

These rules make for an avoidance of the "possibilities of conflict between the authority of * * * sovereignties," (see *American Mut. Liability Ins. Co.* v. *McCaffrey,* 37 F. 2d 870), and court no danger from lack of constitutional authority. See *Pacific Ins. Co.* v. *Comm'n* (306 U. S. 493, 503) where it was written: "Although Massachusetts has an interest in safeguarding the compensation of Massachusetts employees while temporarily abroad in the course of their employment, and may adopt that policy for itself, that could hardly be thought to support an application of the full faith and credit clause which would override the constitutional authority of another state to legislate for the bodily safety and economic protection of employees injured within it. *Few matters could be deemed more appropriately the concern of the state in which the injury occurs or more completely within its power."* (Italics supplied.)

To apply the foregoing test, an understanding of the sense in which the noun, *employment,* is to be used, is vital to its efficacy. It does not in all cases, as above explained, mean the place where the work out of which the injury arose was performed, nor does the place of hiring and pay, or residence of the parties necessarily determine it. This was made clear by the application of the test in cases following: *Matter of Cameron* v. *Ellis Construction Co.* (252 N. Y. 394, *supra*); *Matter of Copeland* v. *Foundation Co.* (256 N. Y. 568); *Matter of Amaxis* v. *Vassilaros, Inc.* (258 N. Y. 544); *Matter of Zeltoski* v. *Osborne Drilling Corp.* (264 N. Y. 496); *Matter of Bagdalik* v. *Flexlume Corp.* (281 N. Y. 858); *Matter of Jensen* v. *Boudin Contracting Corp.* (283 N. Y. 572). In those cases awards for injuries were denied because the employment in its sense of the work-performance, which gave rise to the injuries, was at a fixed place in a foreign State. The converse of the situation, e.g., a foreign employer and a hiring in the home State, followed by work performed in this State, was presented in the cases of *Matter of Grasso* v. *Donaldson-Reynolds, Inc.* (279 N. Y. 584) and *Matter of Adams* v. *Solomon Co.* (265 App. Div. 427), in which cases awards for injuries were affirmed. The final decision in all of these cases was in strict adherence to the teachings in the *Cameron* case (*supra*), and the rationale thereof seems clear. Using the word *employment* as embracing all its meanings, if the course thereof occasions the work-producing injury to be done at, and is confined to, definite location within this State, designedly, as an integral part of the employer's regular business, then the place of the workman's employment is located in this State, regardless

of the residence of the employer or employee, *locus contractus,* or place of wage payment, to the extent that the injured workman then comes within the coverage of our statute. But even with so positive a definition, as was stated in the *Cameron* case (252 N. Y. 398, *supra*), close questions can arise and the test as thus formulated be a difficult one, and, it was said, that the " facts in each case, rather than juristic concepts " must govern the result. It must be that the nature of the business and its usual and necessary method of conduct are such determinative facts. Manifestly such were decisive in *Matter of Adams* v. *Solomon Co.* (*supra*). There the employer was a Pennsylvania corporation, having no office or plant in this State, carrying workmen's compensation insurance in the home State but none here, and its deceased employee had been hired in Pennsylvania and was paid from Pittsburgh. The business of the employer was the dismantling of obsolete industrial plants and it was so engaged upon a job of demolition at North Tonawanda in this State, in the course of which its employee, claimant's husband, who had been there employed but a few weeks, sustained fatal injuries, and the award of death benefits was affirmed.

In the instant case the undisputed evidence is that naught of decedent's employment occurred beyond our State save as to its elements of hiring and the payment of wages. While some general direction and control as to the work in which he was engaged at the Niagara Falls job was exercised by the corporate employer from its home office, decedent, in general, and at the time of his death, was supervised by a foreman of the employer on the job. The very nature of the employer's business, chimney construction, required work to be done at fixed locations and the hazardous work in the course of which decedent was killed, was thus located and was designed to result in a completed undertaking as a distinct and separate unit of its corporate activities. In line with the reasoning of the foregoing cases, and in adherence to the rules they establish, it must, I think, be held that the protection of the statute was extended to the hazardous work which brought forth the injuries which are the basis of appellant's claim.

Since the facts appear by uncontroverted evidence, the determination of the location of decedent's place of employment as being within the coverage of our statute, is a matter of law. Therefore, the decision and order appealed from should be reversed and an award of death benefits directed, as was done in *Matter of Christiansen* v. *Hill Reproduction Co.* (262 App. Div. 379, affd. 287 N. Y. 690).

All concur.

Decision and order appealed from reversed, with costs to appellant against respondents, and matter remitted to the Workmen's Compensation Board* to make an award in claimant's favor.

---

* By chapter 74 of the Laws of 1945, the functions of the State Industrial Board were transferred to the Workmen's Compensation Board created by said chapter.— [REP.