In the Matter of MILTON K. NESTLER, Petitioner, against BOARD OF EXAMINERS OF THE BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.

Supreme Court, Special Term, Queens County, February 5, 1948.

*Warner & Birdsall* for petitioner.

*John P. McGrath, Corporation Counsel* (*Michael A. Castaldi* and *Bernard Licht* of counsel), for respondents.

HALLINAN, J. Application, pursuant to article 78 of the Civil Practice Act, for an order directing the respondents to appraise petitioner's record as satisfactory and for other relief.

Petitioner is a candidate for the license of " Assistant to Principal in Day Elementary Schools." The examination for this license consisted of a written test, a supervision test, a teaching test, an interview test, a physical and medical examination, and an appraisal of petitioner's record. Petitioner received a satisfactory rating in all parts of the examination except the appraisal of his record which the respondents rated as " insufficiently meritorious."

The announcement of the examination stated the requirement with respect to an applicant's record as follows:

### " E. *Scope of the Examination*

" 4. *An Appraisal of Record,* based on official records, reports, investigations and personal inspections of the applicant's services as teacher or supervisor, with particular regard to evidences of leadership, executive ability, and co-operation, and of service rendered to the school system or to the profession at large. *Such record must be non-competitively adjudged as satisfactory as of February 5, 1945; but reports and records bearing on the conduct and character of an applicant during any period may be considered.* The records of all candidates adjudged ' satisfactory ' will thereafter be evaluated competitively, if they have passed all other parts of the examination." (Italics supplied.)

In evaluating petitioner's record, respondents considered the report of the acting principal of Walton High School where petitioner taught from September, 1945, to June 6, 1946, the date of said report. This period is, of course, subsequent to February 5, 1945, the date as of which petitioner's record " must be non-competitively adjudged as satisfactory ". It is petitioner's contention that the Walton High School report should not have been considered so far as the noncompetitive appraisal was concerned.

Respondents, in their answer, have alleged certain affirmative defenses, principal among which is that petitioner may not maintain this proceeding because the determination can be adequately reviewed by an appeal to the Commissioner of Education (Civ. Prac. Act, § 1285, subd. 4). Section 310 (formerly § 890) of the Education Law authorizes an appeal to the Commissioner of Education by any person considering himself aggrieved by any official act or decision of any officer or school authority.

The object of section 310 of the Education Law is succinctly stated in *Bullock* v. *Cooley* (225 N. Y. 566, 576–577) as follows: " The purpose of the statute and of the amendment is to make

all matters pertaining to the general school system of the state within the authority and control of the department of education and to remove the same so far as practicable and possible from controversies in the courts.'' Such a policy assures determinations by a person conversant with school problems. The instant case involving, as it does, the interpretation of the '' Scope of the Examination '' as announced by the respondents, affords an apt illustration of the wisdom of this rule. Here is a technical matter with which the commissioner is undoubtedly more familiar than the courts.

While the Court of Appeals in *Matter of Sloat* v. *Board of Examiners* (274 N. Y. 367, 374) specifically declined to rule on the question of whether the remedy of appeal to the commissioner must be exhausted before resort could be had to the courts, orderly procedure would seem to indicate that such an appeal should first be made. Accordingly, this court will follow the procedure outlined in *Matter of Epstein* v. *Board of Education of City of N. Y.* (162 Misc. 718, 723) and in the exercise of discretion will deny petitioner's application without prejudice to his right to appeal to the Commissioner of Education and without prejudice to his further right to seek a review of the commissioner's determination, if he believes that to be arbitrary. (*Matter of Fabricius* v. *Graves,* 254 App. Div. 19, motions for reargument and for leave to appeal denied 254 App. Div. 913.)

Submit order accordingly.