In the Matter of the Claim of RUTH E. CAFIERO, Respondent, against P. BALLANTINE & SONS, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 10, 1956.

*Charles P. Barre* for appellant.

*Jacob K. Javits, Attorney-General (Carl Madonick* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

ZELLER, J. The decedent, Salvatore J. Cafiero, resided with his wife in Irvington, New Jersey, and was employed as a beer truck driver and deliveryman by P. Ballantine & Sons, the self-insured employer. On November 28, 1951, he was scheduled to start the day's work at 7:00 A.M. A fellow employee picked the decedent up in his car at about 6:15 A.M. and drove directly to the brewery. They were assigned a load of cases of bottled beer for delivery to about 17 different customers of the employer in the borough of The Bronx, New York City. This load constituted a full day's work. The first delivery was made about 8:30 A.M. The fourth or fifth delivery was at the Tropicana Club in The Bronx, where the decedent and his fellow employee carried 40 cases of beer, weighing about 55 pounds each, up a flight of stairs, step by step, by handing the cases to one another, which took about two hours. They finished there about 1:45 P.M., had lunch and then continued with their deliveries. About 4:30 P.M., the decedent suffered a coughing spell and distress, but continued to work until about 7:30 P.M., when they drove to the employer's plant in New Jersey, punched out about 9:30 P.M. and reached home about 10:00 P.M. A short time thereafter the decedent collapsed and died.

The Workmen's Compensation Board found that the death of the decedent was the natural and unavoidable result of accidental injuries sustained on November 28, 1951, arising out of and in the course of his employment. The appellant contests the widow's claim for death benefits on the ground that (1) the Workmen's Compensation Board was without jurisdiction to make an award because the decedent's employment was without

the State of New York; and (2) there was no competent proof that decedent's death was the result of an industrial accident which arose out of and in the course of his employment.

In support of its contention that decedent's employment was without the State of New York, appellant argues that the deceased was hired in New Jersey; was on the payroll and received his wages in New Jersey; received his instructions and was under the direction and control of the employer in New Jersey; began his day's work in New Jersey, and at the end of the day reported to the employer in New Jersey; decedent was a resident of New Jersey; and belonged to a New Jersey labor union.

In an opinion, per BREWSTER, J., in *Matter of Bauss* v. *Consolidated Chimney Co.* (270 App. Div. 70, 73–74) this court said: " Using the word *employment* as embracing all its meanings, if the course thereof occasions the work-producing injury to be done at, and is confined to, definite location within this State, designedly, as an integral part of the employer's regular business, then the place of the workman's employment is located in this State, regardless of the residence of the employer or employee, *locus contractus,* or place of wage payment, to the extent that the injured workman then comes within the coverage of our statute."

There is no dispute here concerning the fact that the employer was engaged in business in the State of New York or that on the day of his death, decedent's work in delivering the cases of beer to the employer's customers was exclusively in New York. There is evidence in the record that for about a year and a half the decedent had been working with the same fellow employee and that the bulk of their work—" 99 per cent of it "—was performed in Harlem. Because of the nature of decedent's employment as a truck driver and deliveryman, " definite location within this State " should not be construed, in this case, to mean a particular street number, factory or office building. In instances where the employment regularly consists of transportation and delivery of goods to different establishments, the quoted phrase means any particular area within this State. (*Matter of Coyle* v. *Safeway Stores,* 281 App. Div. 933, motion for leave to appeal denied 305 N. Y. 929.) When thus viewed, it appears that decedent's employment was confined to a " definite location within this State, designedly, as an integral part of the employer's regular business ". It follows that the record supports the board's finding that decedent's employment was located in the State of New York and the Workmen's Compen-

sation Board had jurisdiction over the widow's claim for death benefits.

There was conflicting medical opinion on the issue of whether decedent's death was the result of an industrial accident which arose out of and in the course of his employment. Two doctors unequivocally testified that the decedent's work activities on November 28, 1951, caused his death, and two doctors testified in the negative as to causal relation. Another doctor, the specialist appointed by the board, was of the opinion that there was causal relationship between decedent's work activities and his death the same day.

Whether a particular event was an industrial accident is to be determined not by any legal definition but by the common sense viewpoint of the average man. (*Matter of Masse* v. *Robinson Co.*, 301 N. Y. 34.) The fact that decedent may have been performing his customary duties does not necessarily exclude the finding that on the occasion in question he was subjected to unusual strain. (*Matter of Borra* v. *Siwanoy Country Club*, 280 App. Div. 906, motion for leave to appeal denied 304 N. Y. 985.) Whether decedent's activities subjected him to unusual strain and exertion is an issue of fact to be determined by the Workmen's Compensation Board. We are concerned here with an acute left ventricular failure and a myocardial infarction and it is sufficient if the evidence shows that this condition resulted from the effort and exertion which the decedent expended in his employment. There is ample evidence to support the board's finding of accident and that the decedent's death resulted from an accidental injury arising out of and in the course of his employment.

The decision and award should be affirmed, with costs to the Workmen's Compensation Board.

FOSTER, P. J., BERGAN, HALPERN and GIBSON, JJ., concur.

Decision and award affirmed, with costs to the Workmen's Compensation Board.