■ In the Matter of the Claim of Jack Rutledge, Respondent, v. Al. G. Kelly & Miller Bros. Circus et al., Appellants. Workmen's Compensation Board, Respondent.— Aulisi, J. Appeal by employer and its insurance carrier from a decision of the Workmen's Compensation Board awarding compensation benefits. The employer, Al. G. Kelly & Miller Bros. Circus, owned and operated a circus which travelled throughout the country giving performances. The home office and apparent Winter quarters of the circus were in Hugo, Oklahoma. The claimant, Jack Rutledge, was hired in Arkansas where he then resided in April, 1963, as a driver for the water truck, as a laborer and as a guard. He was hired by Mr. McMann, the

employer's general manager, on an apparent day-to-day basis with wages paid weekly in cash. Claimant was also provided with meals and a place to sleep. On or about June 9, 1963, Rutledge entered New York State with the circus after having travelled through various other States. The circus was to give performances throughout New York for approximately six weeks and arrived in Auburn on June 28, 1963. On the night of the performance in Auburn, claimant was instructed by McMann to guard an area called the "back yard". This consisted of the area behind the tents where the power plant of the circus was set up, the place where the animals were kept and the trailers used as living quarters by the circus performers were parked. While on duty in the assigned area, claimant attempted to stop two young men from entering the "back yard", a fight developed and ended when claimant was stabbed in the abdomen by one of the intruders. The assault resulted in a serious wound and this injury is the subject of the claim. Appellants object to the decision and award on the grounds that New York State is without jurisdiction and assert that claimant was the aggressor and contend that the accident was thereby removed from the course of employment. The question of jurisdiction is dependent upon the location of the employment and this is governed by the factual determination of the board in each particular case. If the facts presented show sufficient significant contacts with this State so that it can reasonably be said that the employment is located in New York then this State's Workmen's Compensation Board has jurisdiction (*Matter of Nashko* v. *Standard Water Proofing Co.*, 4 N Y 2d 199). In such a case the injured workman comes within the coverage of our statute when the facts show that in the course of employment the work-producing injury happened at, and for some period at least was confined to a definite location or locations within this State (see *Matter of McMains* v. *Trans World Airlines*, 18 A D 2d 956, mot. for lv. to app. den. 13 N Y 2d 593; *Matter of Herman* v. *Ringling Bros. Barnum & Bailey*, 10 A D 2d 745; *Matter of Bauss* v. *Consolidated Chimney Co.*, 270 App. Div. 70). Under the peculiar circumstances of this case, including the facts that the employer obtained his compensation coverage while in New York State from appellant carrier, that claimant was paid and supervised in New York, we may not say as a matter of law that the board could not find that claimant was engaged in employment located in New York State at the time of his injuries sustained here. Appellants' other contention is also a factual question which was determined by the board in favor of the claimant. There is substantial evidence in the record to sustain a finding that claimant was doing his assigned task in keeping his subsequent assailant out of the restricted area (see *Matter of Corbett* v. *Biewener*, 270 App. Div. 782, mot. for lv. to app. den. 295 N. Y. 988). Decision affirmed, with one bill of costs to respondents. Gibson, P. J., Herlihy and Taylor, JJ., concur; Reynolds, J. (concurring). The board has found New York employment here, in a decision based on such weak and questionable contacts with the State of New York, that it is most doubtful whether it is sound as a matter of law.