■ In the Matter of the Claim of the Commissioner of Taxation and Finance on Account of the Death of Nicholas Zambri, Deceased Employee, Respondent, v. Fiberdyne Distributors, Inc., et al., Appellants, and Special Funds Conservation Committee, Respondent. Workmen's Compensation Board, Respondent.— Taylor, J. Appeal by an employer and its carrier from a decision of the Workmen's Compensation Board and from awards made pursuant to sections 15 (subd. 9) and 25-a of the Workmen's Compensation Law. The sole issue presented is whether the board had jurisdiction of the claim. The determination of this issue is not governed by any fixed or invariable standard but by the particular factual pattern of each individual case. The analytical test to be applied in deciding the choice of alternatives is whether sufficient significant contacts with the State appear so that it can be reasonably said that the employment is located here or whether the circumstances demonstrated are such as to indicate that employment is located elsewhere. (*Matter of Nashko* v. *Standard Water Proofing Co.,* 4 N Y 2d 199.) Deceased met his death in the course of his employment while a member of a crew of laborers engaged in the performance of a contract undertaken by the employer in connection with the construction of a school building at Chappaqua, New York. It was contemplated that the work project which was begun in September, 1961 would extend until the following December. The foreman of the employer supervised the work at the jobsite, was authorized to hire and discharge the workmen under his control and payment of their wages was made in New York. The employer was regularly engaged in construction work in New Jersey, Connecticut, New York and Pennsylvania and its permanent work crews were moved from job to job as the exigencies demanded. In dollar value the work which it had contracted to perform in New York represented about 40% of its business in 1961. Workmen's compensation insurance had been procured here. Deceased's employment had substantial connection with New York State when his fatal injuries were sustained and the board's exercise of jurisdiction in the circumstances of this case should be upheld. (*Matter of Grasso* v. *Donaldson-*

*Reynolds*, 254 App. Div. 913, affd. 279 N. Y. 584; *Matter of Adams* v. *Solomon Co.*, 265 App. Div. 427, mot. for lv. to app. den. 290 N. Y. 929; *Matter of Bauss* v. *Consolidated Chimney Co.*, 270 App. Div. 70; *Matter of Rutledge* v. *Kelly & Miller Bros. Circus*, 24 A D 2d 521; *Matter of Nashko* v. *Standard Water Proofing Co., supra.*) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur.