VINCENT WILLIAM BUCCHERI, PETITIONER-APPELLANT,
v. MONTGOMERY WARD & COMPANY, RESPONDENT-
RESPONDENT.

Argued September 27, 1955—Decided November 7, 1955.

Mr. *Samuel H. Nelson* argued the cause for the appellant (*Mr. Robert Scherling*, attorney).

Mr. *Edward J. McDonough* argued the cause for the respondent (*Messrs. McDonough & McDonough*, attorneys; *Mr. Edward M. Sullivan* on the brief).

The opinion of the court was delivered by

OLIPHANT, J. This is an appeal from a judgment of the Hudson County Court which affirmed a judgment of the Workmen's Compensation Division of the Department of Labor and dismissed the petition of the appellant seeking compensation here on the ground that an award made to the appellant by the New York Workmen's Compensation Board was *res adjudicata* of the claim presented by the appellant in his petition. The Division had dismissed the petition on the ground that the appellant had made an election of remedies.

The appeal from the judgment of the Hudson County Court was certified on our own motion. *R. R.* 1:10–10(*a*).

The appellant was and is a resident of Elmhurst, New York. Six years prior to the accident on which his claim is based he entered the employ of the respondent, Montgomery Ward & Company, in its New York office. At the time of the accident he was employed as an assistant buyer of nightwear and his duties required that he call upon the manufacturers at times to expedite deliveries of merchandise to his employer's many stores. While most of these plants were located in New York and Connecticut, others were located in New Jersey and he testified that he visited the New Jersey plants "ten or twelve times more or less a year." He also testified that his duties required him to visit the retail stores of his employer, but he did not specifically mention stores in New Jersey.

On November 14, 1952 he was driving his car alone on the New Jersey Turnpike on his way to Bridgeton to the plant of M. C. Schrank & Company, one of his employer's manufacturers, that was behind in its deliveries. While on the Turnpike he slowed down because of fog and finally stopped. Almost immediately another vehicle ran into his car from the rear and a chain reaction resulted involving a number of other vehicles. See the third-party action instituted by the appellant here. *Buccheri v. Noveree* (Docket L 9738–53).

He immediately reported the accident to his employer on his return home and was treated by his own physician and

other doctors supplied by his employer. Because of his injury he remained home for about two weeks during which time he was paid his full salary. Up to the present there has been no loss of further time or salary.

On December 11, 1952 the appellant filed a claim for compensation with the New York Compensation Board under their statute which is an elective one like ours. On March 9, 1953 the claim came on for hearing and the appellant did not appear nor did any one appear on his behalf. Only the employer appeared and he claimed reimbursement for the salary paid. In the course of the proceedings appellant filed a notice that he intended to commence a third-party action as permitted by the New York statute. As indicated this action has been instituted in this State.

On the hearing the referee decided that there was an accident, notice given thereof and causal relation established for a spinal injury. Finding was made of disability from November 18, 1952 to December 1, 1952. On the basis of this finding an award was entered allowing compensation in "the sum of $25.60 for a period of 4/5's weeks from 11/25/52 to 12/1/52 at the rate of $32.00 per week,"—the first week not being compensable. The award confirmed the findings as to the accident, notice thereof and a causal relation established for spinal injuries. The award was entered and the proceeding was marked "Close pending outcome of third party action."

No appeal was taken from this award and the time for appeal has expired. It is also conceded that there was no fraud or misrepresentation by the respondent in the New York proceedings.

The appellant contends that the New York award is not a final judgment since it is subject to future modification and, therefore, not entitled to full faith and credit in any event. We have examined the New York statute, Workmen's Compensation Law, *McKinney's Consol. Laws*, *c.* 67, and compared it with ours and we feel an award thereunder is a final judgment in the same sense that we consider a final award in a compensation case in this state a final

judgment. *Mangani v. Hydro, Inc.*, 119 *N. J. L.* 71 (*E. &
A.* 1937); *New Amsterdam Casualty Co. v. Popovich*, 18
*N. J.* 218, 225 (1955). *R. S.* 34:15–58 of our statute and
section 23 of the New York statute, both expressly state that
the judgment or award of the Bureau or Board shall be final
and conclusive. In both states this judgment may be re-
opened for a change of condition or circumstance, except that
the New York right to reopen is slightly more limited in
specific instances as to time and conditions. See sections
22, 25, 123 and 150 of the New York statute. It has been
held in New York that once the Board has acquired jurisdic-
tion its determination must be deemed fully conclusive be-
tween the parties, and must be treated by all courts as a
binding judgment until the Board modifies it. *Meany v.
Keating*, 200 *Misc.* 308, 102 *N. Y. S. 2d* 514 (*Sup. Ct.* 1951),
affirmed 279 *App. Div.* 1030, 113 *N. Y. S. 2d* 240 (*App.
Div.* 1952), affirmed 305 *N. Y.* 660, 112 *N. E. 2d* 763
(*Ct. App.* 1953).

Appellant contends that the Bureau has jurisdiction and is
required to exercise it under prior decisions of our courts
in *American Radiator Co. v. Rogge*, 86 *N. J. L.* 436 (*Sup.
Ct.* 1914), affirmed 87 *N. J. L.* 314 (*E. & A.* 1915), and
*Davidheiser v. Hay Foundry & Iron Works*, 87 *N. J. L.* 688
(*E. & A.* 1915). While these cases assert the fundamental
principle that no foreign contract or statute, that is obnoxious
to the policy as delineated by our Workmen's Compensation
Act can defeat the operation of our own act where the injury
complained of occurs in this State, we do not consider them
apposite to this case because at that time New York had
not enacted a compensation act, *American Radiator Co. v.
Rogge, supra*, 86 *N. J. L.*, at *page* 437, hence the question
of a final award was not in issue. The case of *Miller v.
National Chair Co.*, 127 *N. J. L.* 414 (*Sup. Ct.* 1941),
affirmed 129 *N. J. L.* 98 (*E. & A.* 1942), is also not apposite
since there the employment was entered into in this State
and the injury occurred in North Carolina, but the holding
in that case is consistent with the later decisions of the
United States Supreme Court discussed hereafter.

Appellant next contends that successive awards in different states are permissible where each state has a proper interest therein and the exclusive remedy of the New York Act, section 11, does not preclude an award in New Jersey. In support of this proposition he cites *Alaska Packers Ass'n v. Industrial Accident Comm.*, 294 *U. S.* 532, 55 *S. Ct.* 518, 79 *L. Ed.* 1044 (1935); *Pacific Employers Ins. Co. v. Industrial Accident Commission*, 306 *U. S.* 493, 59 *S. Ct.* 629, 83 *L. Ed.* 940 (1939); *Industrial Commission of Wis. v. McCartin*, 330 *U. S.* 622, 67 *S. Ct.* 886, 91 *L. Ed.* 1140 (1947). On the other hand, respondent contends that the New York judgment is a final judgment, that the remedy given under the New York statute is exclusive irrespective of where the accident happened, and that the situation is controlled by the decision in *Magnolia Petroleum Co. v. Hunt*, 320 *U. S.* 430, 64 *S. Ct.* 208, 88 *L. Ed.* 149 (1943). There are two other pertinent cases in this same field, *Bradford Electric Light Co. v. Clapper*, 286 *U. S.* 145, 52 *S. Ct.* 571, 76 *L. Ed.* 1026 (1932); *Carroll v. Lanza*, 349 *U. S.* 408, 75 *S. Ct.* 804, 99 *L. Ed.* —— (1955).

The application of the Full Faith and Credit Clause, *Art. IV, Sec. 1, U. S. Constitution*, as implemented by 28 *U. S. C. A.* § 1738, amended by act of June 25, 1948—which amendment added the words "Such Acts" and thereby made the language of the statute identical with the constitutional clause—depends on the facts and legal situation out of which the constitutional question arises. The common denominator of the problem is the principle that no foreign statute or contract that is obnoxious to the policy delineated in our Workmen's Compensation Act, can defeat the operation of our own act here. It will appear hereafter that these Supreme Court cases are distinguishable from the situation here presented and the distinctions are important to a clear understanding of the cited decisions of the United States Supreme Court.

In the *Bradford* case, *supra*, there was no petition or award of compensation in Vermont where the contract was made. The statute there covered not only injuries to employees

incurred in that state but elsewhere. The Supreme Court held that the Vermont statute was a valid defense to a common-law tort action in New Hampshire by the employee against his Vermont employer. The case did not decide anymore than that such a statute will be given full faith and credit in the state of injury when it is not obnoxious to the policy of the other state.

In the *Alaska Packers* case, *supra*, the employment contract was made in California for seasonal work in Alaska and the employee was paid in California on his return from Alaska. The injury occurred in Alaska but the petition for compensation was filed in California and it was held that the Alaska statute was not a valid defense. In the *Pacific Employers Insurance* case there was the converse situation. The contract of employment was entered into in Massachusetts, the injury occurred in California and while the Massachusetts statute appeared to be an exclusive one as to injuries occurring out of that state, the court held that the statute was not a defense to the petition for compensation in California. Here again there was no petition or award in Massachusetts. In both of these cases the court held that to remit the parties to Alaska or Massachusetts would be obnoxious to the public policy of California.

In *Carroll v. Lanza, supra,* Carroll entered into a contract with Hogan in Missouri. Hogan was a painter. Hogan sub-contracted with Lanza, a Louisiana electrical contractor to do painting on a federal project in Arkansas for which Lanza held a general contract. The accident occurred in Arkansas. Under the Missouri statute payments for compensation were voluntarily made though no formal proceedings or award were had. The Arkansas act provided for compensation but did not provide for an action against a third party, and Carroll sued Lanza in a common-law action for tort contending that his injuries were the result of the negligence of Lanza's employees. The case was transferred to the federal court where Carroll had a judgment, which

was reversed by the Circuit Court of Appeals which thought the case was controlled by the *Magnolia Petroleum* case, *supra*.

The Supreme Court in *Carroll v. Lanza, supra,* carefully pointed out the distinguishing fact that there was no final award made under the Missouri act as had been made in Texas in the *Magnolia Petroleum* case, and stated that the question presented was a naked one whether the Full Faith and Credit Clause made the Missouri statute a bar to the Arkansas common-law remedy. It then delineated and explained its prior holdings at *page* 411 of 349 *U. S.*, at *page* 806 of 75 *S. Ct.* when it said:

"A statute is a 'public act' within the meaning of the Full Faith and Credit Clause. See *Bradford Electric Light Co. v. Clapper,* 286 *U. S.* 145, 154–155, 52 *S. Ct.* 571, 573–574, 76 *L. Ed.* 1026 [1032, 1033, 82 *A. L. R.* 696], and cases cited; *Alaska Packers Ass'n v. Industrial Accident Commission,* 294 *U. S.* 532, 55 *S. Ct.* 518, 79 *L. Ed.* 1044. It was indeed held in the *Clapper* case that a Vermont Compensation Act, which purported to give an exclusive remedy, barred a common-law action on the same claim in the New Hampshire courts by a Vermont employee against a Vermont employer, even though the injury occurred in New Hampshire. The *Clapper* case allowed a State to fix one exclusive remedy for personal injuries involving its residents, and required the other States to refuse to enforce any inconsistent remedy. Thus, as respects persons residing or businesses located in a State, a remedy was provided employees that was 'both expeditious and independent of proof of fault,' and a liability was imposed on employers that was 'limited and determinate.' 286 *U. S.*, at *page* 159, 52 *S. Ct.* at 576.

*Pacific Employers Ins. Co. v. Industrial Accident Commission,* 306 *U. S.* 493, 59 *S. Ct.* 629, 83 *L. Ed.* 940, departed, however, from the *Clapper* decision. There a resident of Massachusetts regularly employed in Massachusetts by a Massachusetts corporation was injured while doing temporary duty in California. The Massachusetts Compensation Act purported to give an exclusive remedy, even for injuries incurred beyond its borders. But California also had a Compensation Act which undertook to fix liability on employers, irrespective of any contract, rule, or regulation, a provision which the California courts strictly enforced. The Court, therefore, held that the exclusive nature of the Massachusetts Act was 'obnoxious' to the policy of California. The Court proceeded on the premise, repeated over and again in the cases, that the Full Faith and Credit Clause does not require a State to substitute

for its own statute, applicable to persons and events within it, the statute of another State, reflecting a conflicting and opposed policy. *Id.,* 306 *U. S.* 502, 59 *S. Ct.* 633.

The *Pacific Employers Insurance Co.* case allowed the Compensation Act of the place of the injury to override the Compensation Act of the home State. Here it is a common-law action that is asserted against the exclusiveness of the remedy of the home State; and that is seized on as marking a difference. That is not in our judgment a material difference. Whatever deprives the remedy of the home State of its exclusive' character qualifies or contravenes the policy of that State and denies it full faith and credit, if full faith and credit is due. But the *Pacific Employers Insurance Co.* case teaches that in these personal injury cases the State where the injury occurs need not be a vassal to the home State and allow only that remedy which the home State has marked as the exclusive one. The State of the forum also has interests to serve and to protect. Here Arkansas has opened its courts to negligence suits against prime contractors, refusing to make relief by way of workmen's compensation the exclusive remedy.

    *       *       *       *       *       *       *       *

Missouri can make her Compensation Act exclusive, if she chooses, and enforce it as she pleases within her borders. Once that policy is extended into other States, different considerations come into play. Arkansas can adopt Missouri's policy if she likes. Or, as the *Pacific Employers Insurance Co.* case teaches, she may supplement it or displace it with another, insofar as remedies for acts occurring within her boundaries are concerned. Were it otherwise, the State where the injury occurred would be powerless to provide any remedies or safeguards to non-resident employees working within its borders. We do not think the Full Faith and Credit Clause demands that subserviency from the State of the injury."

In these cases the court seems to have adopted an interest weighing approach. The relevant considerations have been: the place of employment contracts; the residence of the parties; the place of injury; the possibility of the workman becoming a public charge in the state seeking to award compensation among others.

This leaves to be disposed of the contention of the appellant that the *McCartin* case, *supra,* limited the holding of the *Magnolia Petroleum* case. In the *Magnolia Petroleum* case the contract of employment was made in Louisiana. Hunt was a Louisiana resident who, while working drilling oil wells in Texas, was injured by the falling drill stem. He sought and procured an award under the Texas statute

and payments were made and the award became final in accordance with the terms of the Texas statute. He then filed a petition for compensation in Louisiana under its statute and he was awarded compensation in Louisiana after deducting the amount of the Texas payment. Under the Texas statute the compensation award is explicitly made by statute in lieu of any other recovery for injury to an employee. In an earlier case the Texas Supreme Court had left open the question whether a Texas employee could recover compensation in Texas for an injury incurred in another state when he had already recovered compensation there. The United States Supreme Court pointed out that the right of a second recovery in such circumstances was promptly abolished by statute so that no recovery could be had in Texas if the employee had received compensation in another state and they reversed the Louisiana award on the ground that the Texas statute was exclusive and precluded a recovery in any other state.

In the *McCartin* case the contract of employment was made in Illinois and the injury occurred in Wisconsin and a petition was filed in Wisconsin for compensation. There was an objection to jurisdiction and subsequently a petition was filed in Illinois under its statute and the parties agreed to an award in the sum of $2,112 as a final settlement under the Illinois statute, and the contract also stated [330 *U. S.* 622, 67 *S. Ct.* 890]: " 'This settlement does not affect any rights that applicant may have under the Workmen's Compensation Act of the State of Wisconsin.' " Further compensation was finally allowed in Wisconsin and a judgment entered and the Supreme Court granted *certiorari*, 329 *U. S.* 696, 67 *S. Ct.* 74, 91 *L. Ed.* 608, to determine the applicability of the Full Faith and Credit Clause as interpreted in the *Magnolia Petroleum* case.

In the opinion it states: "If it were apparent that the Illinois award was intended to be final and conclusive of all the employee's rights against the employer and the insurer growing out of the injury, the decision in the *Magnolia Petroleum Co.* case would be controlling here," and

they further stated, 330 *U. S., pages* 628, 629, 67 *S. Ct.*, at *page* 889, speaking of the Illinois statute:

"* * * We should not readily interpret such a statute so as to cut off an employee's right to sue under other legislation passed for his benefit. Only some unmistakable language by a state legislature or judiciary would warrant our accepting such a construction. Especially is this true where the rights affected are those arising under legislation of another state and where the full faith and credit provision of the United States Constitution is brought into play." 330 *U. S.* 622, 628, 629, 67 *S. Ct.* 886, 889, 890.

They held that when a reservation in an Illinois award is read against the Illinois statute it becomes clear that the reservation spells out what the court believed to be implicit in the Illinois statute that an award made under it does not foreclose an additional award in another state.

As we stated, these cases we consider distinguishable from the case here. We are called upon to apply their principles and reasoning to the precise legal situation and factual situation before us. Our decision, therefore, goes no further than the resolution of the specific problem here presented and we are deciding that and no more. We are writing for this case and this case alone. *Cf. Carroll v. Lanza, supra,* 349 *U. S.* 408, 75 *S. Ct.* 804, 99 *L. Ed.,* at *page* ——.

We conceive that the New York statute is not exclusive in that it forecloses a recovery in any state where the injury occurs, and therefore conclude that the doctrine of the *Magnolia Petroleum Co.* case is not applicable to this cause, but we are bound by the statements therein that the clear purpose of the Full Faith and Credit Clause is to establish the principle of common-law that a litigation once pursued to judgment shall be conclusive of the rights of the parties in every other court than that where the judgment was rendered and the whole tendency of the decisions is to require a plaintiff to try his whole cause of action and his whole case at one time.

We can only ignore such a purpose if we can or could find provisions in the New York statute that are obnoxious to the policy of our act. That act and our act are generally

and approximately alike in purpose and in the scope of the remedies and relief allowable for the injury of employees. We cannot conclude that our act in any substantial manner supplements or displaces the New York act insofar as the remedies that are available there to a New York employee who is injured in this State. Our act, like the New York act, excludes resort by the employee to the common-law remedies against the employer. The right to relief by common-law remedies against third parties and the right to reopen an award for an increase in the original disability are reasonably similar. We find that remedies under the New York act are approximately as broad in scope and effect as ours and are likewise liberally construed in favor of the employee. We have found nothing that is obnoxious to the policy of our statute. In addition there must be a basic conflict in the remedy or lack of a practical remedy or a new or supplemental remedy provided to allow the courts of a state to deny full faith and credit to a final judgment of another state.

The fundamental rule of the common law that there cannot be a double recovery for the same injury is implicit in the Full Faith and Credit Clause. It is possible in compensation cases involving the same injury, that dollars-and-cents-wise awards will vary in some degree under the laws of the several states. But before the courts of this State should deny full faith and credit to a final award entered in another state, it should appear that the award made in the other state is so much less than an award that could be allowed here that it can be reasonably said that such an award is in conflict with the policy of our act as set out in the schedules therein and other relevant sections, and is obnoxious to the policy of our act.

In the *Alaska Packers* case and the *Pacific Employers Insurance* case the employee and his witnesses and the doctors and other parties who might have had an interest in the compensation judgment, would have had to travel long distances at great expense from California to either Alaska

or Massachusetts, so. as a practical matter they would have been left without a practical effective remedy.

We have no such pressing considerations here. New York is more readily available to the appellant, his witnesses and his doctors and. the respondent, than New Jersey.

The appellant had the burden, in view of the command of the Full Faith and Credit Clause, to establish that the remedy and award allowed in New York is obnoxious to the policy of our act or that under all the circumstances and conditions he is left without an adequate remedy for his injuries, or deprived of a remedy given by our law but denied him in his home state. This he has failed to do.

Since we have found that neither the New York statute nor our act are "mutually exclusive," we leave open the question when the doctrine of election of remedies applies. *Carroll v. Lanza, supra.*

The judgment is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices OLIPHANT, WACHENFELD and BURLING—4.

*For reversal*—Justices HEHER, JACOBS and BRENNAN—3.