64 N.J. Super. 333 (1960)
165 A.2d 872
GENE DELLA VECCHIA, PETITIONER-APPELLANT,
v.
WORLD SCOPE PUBLISHING COMPANY, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Essex County Court, Law Division.
Decided November 17, 1960.
*335 Mr. M. Marvin Soperstein argued the cause for appellant (Mr. Mortimer Wald, attorney).
Mr. Andrew Laurie argued the cause for the respondent (Messrs. Laurie and Barnes, attorneys).
BARRETT, J.C.C.
This is an appeal from the Division of Workmen's Compensation. The deputy director entered judgment in favor of the respondent on the ground the Division did not have jurisdiction to hear and determine the issues because the New York Workmen's Compensation Board had exercised complete jurisdiction prior to the institution of these proceedings in New Jersey.
The facts are substantially without dispute, but I make the following specific findings.
The appellant Della Vecchia was originally hired by the respondent to sell encyclopedias. This hiring took place at a branch office of the respondent in East Orange, New Jersey, in October 1957; further, the employment agreement stated that he was to sell only in New Jersey. The East Orange branch office closed about a month after the aforesaid hiring. Subsequently the claimant worked out of the company's home office in Lynbrook, Long Island, N.Y. Della Vecchia reported to that office from one to three times per week and it was there that all meetings and conferences between the claimant and his employer took place. Up to this point the petitioner continued to live and work most of the time in New Jersey.
However, from March 1958 until the date of the accident in March 1959 the appellant went on various selling trips for his employer to such places as Washington, D.C., Richmond, Va., Rochester, N.Y., Niagara Falls, N.Y., and Detroit, Michigan. These trips would last anywhere from two weeks to two months, and each time brought a slightly different commission arrangement. Upon returning home to *336 New Jersey from a Detroit selling trip in March 1959, the appellant met with an automobile accident in Pennsylvania.
Upon learning of the accident, the employer filed an employer's report of injury with the New York Workmen's Compensation Board. The insurance carrier was notified and proceeded to make payments by check to Della Vecchia for his injury pending a determination by the New York Board. The first check dated April 8, 1959 was accompanied by a form from the Board which indicated that payment was being made under the New York Workmen's Compensation Law. That check and those that followed were endorsed by the petitioner. On April 30, 1959 petitioner received a check along with a form from the Board indicating payments were being stopped. On May 14, 1959 payments were resumed and the check was accompanied by a form to that effect. Two weeks later Della Vecchia received a check and notice from the Board stating that payments had been stopped. At this point the petitioner also received a request from the Board for a medical report to be prepared by his physician.
It was stipulated by counsel that the Board mailed a "Notice of a Hearing" to Della Vecchia. On May 25, 1959 appellant's counsel informed the New York Board that Della Vecchia had filed a claim in New Jersey. The New York Board forwarded to the appellant on July 20, 1959 a "Notice of Decision" indicating that a hearing had been held on July 15, 1959, and that a decision was entered in his favor on all questions, except that there was left open for continuance the question of disability.
Prior to the receipt of this "Notice of Decision" appellant's attorneys on May 1, 1959 filed an "Employees Claim Petition" in New Jersey. A hearing was held on that petition which resulted in a dismissal on May 13, 1960. So much for these factual findings.
The deputy director based this determination on his interpretation of Buccheri v. Montgomery Ward & Co., 19 N.J. 594 (1955). The present appeal followed.
*337 Admittedly, the petitioner was never served with process of any sort or nature in New York State, hence as its first point as grounds for reversal, the appellant argues a lack of jurisdiction in personam on the part of the New York Workmen's Compensation Board, citing as the leading case on the subject Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1877). A decision on this question is not necessary in view of my ultimate conclusion to remand this case on other grounds; nevertheless, it will be discussed.
Pennoyer holds that a personal judgment is without any validity if rendered by a state court in an action upon a money demand against a non-resident of the state who is served merely by publication of summons and not by personal service of process within the state. Also, the individual thus served did not appear.
In 1950, Justice Jackson writing for the Supreme Court in Mullane v. Central Hanover Bank & Trust Company, 339 U.S. 306, at page 314, 70 S.Ct. 652, at page 657, 94 L.Ed. 865 (1950), said:
"The Court has not committed itself to any formula achieving a balance between these interests in a particular proceeding or determining when constructive notice may be utilized or what test it must meet. Personal service has not in all circumstances been regarded as indispensable to the process due to residents, and it has more often been held unnecessary as to nonresidents. We disturb none of the established rules on these subjects. No decision constitutes a controlling or even a very illuminating precedent for the case before us. But a few general principles stand out in the books.
An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. * * * The notice must be of such nature as reasonably to convey the required information, * * * and it must afford a reasonable time for those interested to make their appearance. * * * But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied. `The criterion is not the possibility of conceivable injury, but the just and reasonable *338 character of the requirements, having reference to the subject with which the statute deals.'" (Emphasis added)
Measuring this standard against the situation here present, I believe the petitioner was brought before the New York Board by due process. He not only had notice of the proceeding, but he benefited substantially by it. He knew what type of action was pending, he received and recognized the nature of various notices from the New York Board, and he cashed checks accompanying such notices. Such a proceeding is entirely proper to establish full jurisdiction under New York practice and procedure. Meaney v. Keating, 200 Misc. 308, 102 N.Y.S.2d 514 (Sup. Ct. 1951), affirmed 279 App. Div. 1030, 113 N.Y.S.2d 240 (App. Div. 1952), affirmed 305 N.Y. 660, 112 N.E.2d 763 (Ct. App. 1953).
In that case the plaintiff Meaney was employed as a laborer by the defendant in 1948, and on December 12 of that year he sustained burns in a fire in a building on the employer's construction job. The defendant employer reported the accident to the Workmen's Compensation Board. A claim was initiated, and as the proceeding progressed the plaintiff received a notice of hearing and other notices. Subsequently, the Board made an award.
Compensation was made to the plaintiff in the amounts specified in the award and was accepted and retained by him. The last notice of hearing was given for August 8, 1950, and contained the statement: "Claimant to be present or case will be closed." The final decision of the Board on that day was in this form: "Decision: Closed on previous award  non-appearance of claimant."
The plaintiff Meaney did not file, and did not authorize anyone to file in his behalf a claim for workmen's compensation. He did not appear in any of the compensation proceedings. Later he instituted an action for negligence against the employer and tendered back the amount of compensation awards, but not the value of the hospital and medical services furnished by the compensation carrier. Meaney contended that the Board did not acquire jurisdiction of him, for the *339 reason he filed no claim and made no appearance before it. In dismissing the complaint the trial court held at page 517 of 102 N.Y.S.2d:
"That the Board acquired jurisdiction of the plaintiff is not open to any doubt. The statute provides that `a claim for compensation may be presented to the employer or to the chairman,' and that the Board shall have jurisdiction of claims `presented to it.' Section 20. This language implies, of course, that the injured employee has `presented' the claim to his employer, who in turn reports the accident to the Board, or that the employee has presented it directly to the Board. But it must be considered in connection with Section 28 which provides that in any case in which an advance payment of compensation is made to the employee, the Board may order a hearing in the same manner as though a claim for compensation had been filed.
This provision was intended primarily for the benefit of employees who had neglected to file claims, but it also has set up the jurisdictional basis upon which the Board proceeds in a great volume of cases where there is no dispute about the accident and in which the employer or carrier without contest pays compensation or provides medical services. In these cases the report of accident is by the employer and the Board assumes jurisdiction upon the payment of compensation.
The statute must necessarily operate reciprocally and be binding equally upon employee and employer on the question of jurisdiction. If the employer is made subject to jurisdiction by this procedure the employee is also."
Appellant cites on this point Elk River Coal and Lumber Co. v. Funk, 222 Iowa 1222, 271 N.W. 204, 110 A.L.R. 1415 (Sup. Ct. 1937), and Hutton v. City of Camden, 39 N.J.L. 122 (E. & A. 1876), both of which I consider distinguishable.
The appellant maintains that Elk River Coal and Lumber Co. v. Funk, supra, is a leading case indicating that the state legislature has no constitutional power or authority to acquire jurisdiction over a citizen of a foreign state by service by registered mail outside the state. The Iowa court held it had no jurisdiction over the employer corporation. There the decedent had been the only company representative in the state. There was no way to serve process upon the defendant. There could be no registered mail service *340 on the non-resident because that method was provided exclusively for suits in court, which did not include compensation proceedings. The plaintiff was without remedy because the statute provided no method of service under the circumstances, and not because they had no power to provide a method of service. In Hutton v. City of Camden, supra, the board of health had a meeting and without giving notice to the plaintiff thereupon declared plaintiff's lot a nuisance. The board ordered an abatement of this nuisance within ten days. The plaintiff protested because he had no notice; this contention was upheld. In the case at bar appellant had notice of all the proceedings and accepted the benefits of those proceedings.
One factual question is in real dispute. Was the contract of employment here a continuing New Jersey contract, or was that contract broken when the respondent moved its business to Lynbrook, Long Island, N.Y., thereby creating a new contract of employment in New York? I find the petitioner was working at the time of his accident under a continuing contract originally made in New Jersey. Under such circumstances the New Jersey Division clearly had jurisdiction. The Division has jurisdiction to make an award to a workman for disability resulting from a work-connected, out-of-state accident, if the work was being done pursuant to an employment contract entered into in New Jersey. English v. Stokes Molded Products, Inc., 43 N.J. Super. 68 (App. Div. 1956).
Appellant contends the New York Bureau had no right to take jurisdiction under the facts of the case. With this proposition I disagree. The petitioner did do work in New York and was attached to the New York office. He was there at least once a week reporting to his employer. He received his instructions there, and particularly was this so at the time of the accident when he had been doing work both outside New Jersey and New York. There is nothing incongruous in two states' having jurisdiction over the employee and employer under workmen's compensation acts *341 for the same accident. Bowers v. American Bridge Company, 24 N.J. 390 (1957). The respondent produced an expert witness, a New York lawyer, whose testimony clearly established the jurisdiction of New York over the petitioner and the respondent. Such, too, is the holding of Meaney v. Keating, supra.
New York's jurisdiction, however, is not exclusive. In Buccheri v. Montgomery Ward & Company, supra, 19 N.J., at page 604, Justice Oliphant, speaking for the majority, said:
"We conceive that the New York statute is not exclusive in that it forecloses a recovery in any state where the injury occurs, and therefore conclude that the doctrine of the Magnolia Petroleum Co. case [Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149] is not applicable to this cause, but we are bound by the statements therein that the clear purpose of the Full Faith and Credit Clause is to establish the principle of common law that a litigation once pursued to judgment shall be conclusive of the rights of the parties in every other court than that where the judgment was rendered and the whole tendency of the decisions is to require a plaintiff to try his whole cause of action and his whole case at one time."
A crucial inquiry remains. Are we bound in this State by the Full Faith and Credit Clause to consider this particular judgment of the New York Workmen's Compensation Board as conclusive on the rights of the parties? Buccheri held the New York Workmen's Compensation Act, as it applied there, was not obnoxious to our New Jersey act, but the language in that case stands out. At page 604 of 19 N.J. the court said:
"Our decision, therefore, goes no further than the resolution of the specific problem here presented and we are deciding that and no more. We are writing for this case and this case alone."
In Bowers v. American Bridge Company, supra, which was affirmed on the opinion below, 43 N.J. Super. 48, 127 A.2d 580, in 24 N.J. 390, Buccheri is followed but distinguished. The accident to the petitioner Bowers occurred *342 in Pennsylvania, where no cause of action existed for permanent disability. Judge Conford held the Pennsylvania act to be obnoxious  repugnant to New Jersey public policy  and therefore declined to recognize the Pennsylvania award as conclusive with respect to the amount of the award for temporary disability.
Buccheri, with respect to the New York act, has found it not to be obnoxious under the facts of that case to our act in this language:
"The appellant had the burden, in view of the command of the Full Faith and Credit Clause, to establish that the remedy and award allowed in New York is obnoxious to the policy of our act or that under all the circumstances and conditions he is left without an adequate remedy for his injuries, or deprived of a remedy given by our law but denied him in his home state. This he has failed to do." (Emphasis added)
I am thus clearly required to inquire into the circumstances and conditions of the particular case before me.
Such inquiry here made establishes that a resident of this State, working under a contract created in this State, never instituted the action in New York. It was instituted by his employer. In Buccheri, the employee filed a claim for compensation with the New York Board, thus electing to bring his action in New York. Not so with Della Vecchia. Buccheri was a resident of New York, and his visits to New Jersey where the work connected accident occurred were relatively infrequent. Most of Della Vecchia's work was, on the contrary, in New Jersey, where he lived. In Buccheri the award made in New York appears to have been substantially near what the award would have been in New Jersey. In the case at bar, the award to Della Vecchia in New York is substantially lower than a possible, if not probable, award in New Jersey.
For the reasons just indicated, I conclude, in the resolution of the specific problem here present and under the circumstances and conditions here existing, that a judgment under the New York act is not conclusive on the rights of *343 the parties. Of course, in the event of an award by the Division to the appellant, credit must be given for all payments made by the respondent under the New York determination. This result which I have arrived at is not to be deemed a determination of what amount, if any, is due to the petitioner for disability. In short, I make no finding as to the extent, duration or permanency of disability.
The case is remanded for a determination on the question of disability. An order consented to as to form is to be presented.