MARY DAVIDHEISER, WIDOW, ETC., RESPONDENT, v. HAY FOUNDRY AND IRON WORKS, APPELLANT.

Submitted March 22, 1915—Decided June 14, 1915.

On appeal from the Supreme Court.

For the appellant, *Richard F. Jones.*

For the respondent, *Waldron M. Ward,*

PER CURIAM.

This appeal brings up for review a judgment of the Supreme Court affirming, on *certiorari,* a judgment of the Essex County Court of Common Pleas awarding compensation to Mrs. Davidheiser, on behalf of herself as widow, and to her infant son, for the death of Harry Davidheiser, her husband, and the father of her child; the death having occurred while the decedent was in the employ of the appellant and engaged in the latter's business.

The contract of hiring between the appellant and decedent was made in the city of New York, where decedent lived at the time when it was made, and where he continued to reside until the time of his death. The accident which produced his death occurred in the city of Newark, and arose out of and in the course of his employment.

The proceeding which resulted in the judgment now under review was instituted under the Workmen's Compensation act of this state, passed in 1911. *Pamph. L., p.* 134. The principal contention made before the trial court, the Supreme Court, and now before us, on behalf of the appellant, is that although it is a New Jersey corporation (as the fact is), the Workmen's Compensation act has no application to contracts made by it with non-resident employes, and that consequently there can be no recovery under that act. The same contention, under precisely similar facts, was made before us in the case of *American Radiator Co. v. Rogge (ante p.* 314), and was held by us to be without legal substance, for the reasons stated by Mr. Justice Swayze in the opinion delivered by him in the Supreme Court, and which was adopted by us as correctly expressing the view which we held. The Supreme Court, in the present case, followed its decision in the Rogge case, in disposing of the point now under consideration, and, in doing so, obviously, committed no error.

The only other reason for reversal argued before us is that the compensation awarded to the petitioner was calculated upon an erroneous basis, viz., upon the wages which the decedent was receiving at the time of his death, instead of upon his average wages—the latter basis being, as is contended,

690    COURT OF ERRORS AND APPEALS.

Gilson v. Penna. Railroad Co.        *87 N. J. L.*

that provided by the act. A like claim was made in this court in *Huyett* v. *Pennsylvania Railroad Co.,* 86 *N. J. L.* 683, and was held by us not to be supported by the language of the statute.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, BERGEN, MINTURN, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, JJ. 11.

*For reversal*—None.