In the Matter of the Claim of BERYL M. PROPER, Respondent, against WILLIAM A. POLLEY and JOHN A. POLLEY, Doing Business as POLLEY BROTHERS, and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 18, 1931.

*Everett F. Warrington* [*Herbert F. Hastings, Jr.*, of counsel], for the appellants.

*John J. Bennett, Jr.*, Attorney-General [*Joseph A. McLaughlin*, Assistant Attorney-General, and *Abraham Brekstone*, Deputy Assistant Attorney-General, of counsel], for the respondents.

HINMAN, J.   Claimant's deceased husband, Lewis A. Proper, was employed as a tool dresser by Polley Brothers, a Pennsylvania partnership engaged in the business of drilling oil wells. The business was carried on chiefly in Pennsylvania, but they also did some drilling in other States. The employees, some twenty in number, resided in Pennsylvania and when the employers took a job out of the State they picked from these regular employees the men most capable of doing the job, who returned thereafter to their regular employment in Pennsylvania. The work of these employees out of the State was purely temporary as an incident of their general employment. They resided and were hired in Pennsylvania by a Pennsylvania employer.

That was the case with Proper, the deceased employee. He was hired in Pennsylvania on January 17, 1929, and resided at Bradford, Pa., from then until his death by accident occurring February 1, 1930, while working for this employer drilling a well near Limestone, Cattaraugus county, in New York State. He had worked steadily in the general employment of Polley Brothers for over a year, losing very few days, and working all of that time in Pennsylvania except for the nine or ten days that he had worked in New York State just prior to his death on this job near Limestone. His employers intended that he should return to his regular occupation in Pennsylvania when the New York job was finished.

The employers secured workmen's compensation coverage in the State Fund in Pennsylvania and in the Ocean Accident and Guarantee Corporation, Limited, in New York. The employer paid $178 on the New York policy in force at the time of the accident. The declarations in the policy recited an estimated total annual remuneration of $350 for drilling operations and of $1,500 for operation of oil leases. Polley Brothers had an oil lease of their own at the place of the accident in question, and the deceased was at the time helping to drill a well. Polley Brothers had one regular employee who, although he lived in Pennsylvania and about once a week worked in Pennsylvania, did work regularly at least a part of every day in New York. The Pennsylvania Workmen's Compensation Act provides that the act shall apply to " accidents occurring to Pennsylvania employes whose duties require them to go temporarily beyond the territorial limits of the Commonwealth, not over ninety days, when such employes are

performing services for employers whose place of business is within the Commonwealth." (See 77 Purdon's Penn. Stat. § 1; Penn. Laws of 1929, p. 853, No. 372, amdg. Work. Comp. Act, § 1, approved Apr. 29, 1929.) The deceased employee in this case was temporarily employed outside the Commonwealth of Pennsylvania for a period of nine or ten days. One of the employers testified: " If I needed them down here ninety days I would keep them there for ninety days, but I have not kept them because I have not needed them."

Claimant is apparently entitled to compensation under the Pennsylvania law. She has filed a claim in that State also. No award has been made in Pennsylvania. The New York State Industrial Board has, however, made an award and the employer and carrier appeal on the ground that claimant's exclusive remedy is in Pennsylvania.

We think that, while the employer was carrying on a hazardous employment in New York, the deceased was only temporarily employed here as a mere incident in the regular course of his general employment in Pennsylvania. The case seems to us to be the converse of the circumstances involved in *Matter of Cameron* v. *Ellis Construction Co.* (252 N. Y. 394). We think that the award should be reversed and the claim dismissed and that claimant should seek her remedy under the Pennsylvania law.

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

All concur, except HILL and RHODES, JJ., who dissent and vote to affirm.

Award reversed and claim dismissed, with costs against the State Industrial Board.