In the Matter of the Claim of EMORY E. EURBIN, Respondent, against PRUDENTIAL INSURANCE COMPANY OF AMERICA; THE TRAVELERS INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— On October 29, 1934, the claimant lived in Pittsfield, Mass., and was employed as an agent and collector by the Prudential Insurance Company of America, whose principal place of business is located in New Jersey; offices were maintained also in New York and Massachusetts. He was hired and lived in the State of Massachusetts and his territory was in the State of Massachusetts and on that day while driving on a highway in New York enroute from Pittsfield, Mass., to West Lebanon, N. Y., in order to collect a premium from a policyholder who had moved from Massachusetts to West Lebanon, the automobile in which he was riding collided with another automobile causing injuries and disabilities. Whenever one of the employer's assureds moved from Massachusetts to New York, it was the custom of the agents from the Massachusetts district to come to New York for the purpose of conserving and retaining the business until the case could be transferred to an agent in New York. The claimant had been employed by the company for about three and a half years prior to the accident. He had no license to sell insurance in New York State and canvassed no business in that State. West Lebanon, where the accident happened, is not in the jurisdiction of the Pittsfield office, in connection with which claimant was employed. During the year preceding there was one call the claimant made in New York, that being for the purpose of making a collection, and one instance when he went into New York State on a service call. There were two kinds of insurance, ordinary and industrial, issued by the employer; the industrial insurance being characterized by the fact that the premium is paid in small weekly payments, whereas the ordinary is the usual form of life insurance with premiums payable annually or quarterly. Service calls are distinguished from collection calls. They are made for the purpose of explaining the contract or rendering any service to policyholders besides collecting premiums. Whatever service calls were made in the State of New York were near the State line and were in connection with business that originated in the Pittsfield office and were made where the policyholders had moved to New York and had not as yet been transferred from the books of the Pittsfield office. The work done by the claimant in New York State was so trivial that upon the facts most favorable it must be held that what he did in New York State was incidental to his employment in Massachusetts. (*Proper* v. *Polley Bros.*, 233 App. Div. 621; affd., 259 N. Y. 516; *Whitmire* v. *Blaw-Knox Constr. Co.*, 263 id. 675.) Award reversed, and claim dismissed, with costs against the State Industrial Board. Rhodes, McNamee and Crapser, JJ., concur; Hill, P. J., and Bliss, J., dissent and vote to affirm the award.