### SEIFORT v. KEANSBURG STEAMBOAT CO.

District Court, S. D. New York.
May 13, 1937.

Jacob Rassner, of Brooklyn, N. Y., for plaintiff. ·

Alexander, Ash & Jones, of New York City, for defendant.

PATTERSON, District Judge.

In the amended complaint the plaintiff undertakes to state a cause of action at common law. It is alleged that the plaintiff, while in the defendant's employ, suffered personal injuries by reason of the defendant's negligence. The amended complaint further shows that the plaintiff is a resident of New York, that the defendant is a New Jersey corporation which operates steamboats between points in New Jersey and New York, that the plaintiff was hired in New York to work as a watchman partly in New York and partly

in New Jersey, that the injuries' were suffered on September 19, 1935, while the plaintiff was doing his work on a pier in New Jersey, assisting in the docking of one of the steamboats. The defendant moves to dismiss the amended complaint for insufficiency.

The first complaint was based on the Jones Act (46 U.S.C.A. § 688). It was dismissed as insufficient, it appearing on the face of the pleading that the plaintiff was a watchman who was injured while working on land. Leave to amend was given, whereupon the present amended complaint was served.

The defendant's point is that the law of New Jersey is controlling, the plaintiff's injuries having been inflicted in that state, and that by New Jersey law the plaintiff's only remedy for injuries suffered as alleged in the amended complaint is a proceeding for compensation before the New Jersey Workmen's Compensation Bureau. The point is sound.

No cause of action is stated under maritime law, for the tort occurred on land, not on navigable waters. State Industrial Commission v. Nordenholt Corp., 259 U.S. 263, 42 S.Ct. 473, 66 L.Ed. 933, 25 A.L.R. 1013; Alaska Packers' Ass'n v. Industrial Accident Commission, 276 U.S. 467, 48 S.Ct. 346, 72 L.Ed. 656; Jeffers v. Foundation Co., 85 F.(2d) 24 (C.C.A.2). It is equally clear that no cause of action is stated at common law. The New Jersey Workmen's Compensation Law (Comp.St. Supp.N.J.1924, § **236—1 et seq.) has been held to cover a case where the employee was hired in New York to do work partly in New York and partly in New Jersey, and where the injury occurred in New Jersey in the course of work there. American Radiator Co. v. Rogge, 86 N.J. Law, 436, 92 A. 85, 94 A. 85, affirmed 87 N.J.Law, 314, 93 A. 1083. The additional facts that the employee was a resident of New York and the employer a New Jersey corporation do not change the result. Davidheiser v. Hay Foundry & Iron Works, 87 N.J.Law, 688, 94 A. 309. So the present case is within the scope of the New Jersey Workmen's Compensation Law.

Under the New Jersey Workmen's Compensation Law, the employee's sole remedy against his employer for injuries arising out of and in the course of his employment is for compensation by proceeding before the Workmen's Compensation Bureau, unless there is an agreement in writing or written notice given by one party to the other prior to the accident to the effect that the provisions for compensation shall not apply. New Jersey Laws of 1911, c. 95 (as amended, Comp.St.Supps. N.J. § **236—1 et seq.). If the employee brings suit at law against the employer for injuries arising out of and in the course of employment, he must aver that there was an agreement in writing or written notice given that compensation was not to govern the case; otherwise the pleading does not state a cause of action. McNutt v. Adams Express Co., 94 N.J. Law, 487, 111 A. 13. Since the plaintiff in his amended complaint does not plead any such written agreement or notice in writing, the amended complaint fails to set forth a cause of action under the law of New Jersey.

For the injuries alleged to have been received the plaintiff has redress under the New Jersey Workmen's Compensation Law. His time to institute a proceeding under that act has not yet expired. The motion to dismiss the amended complaint will be granted.