69 N.J. Super. 43 (1961)
173 A.2d 513
LLOYD BOYLE, PETITIONER-RESPONDENT,
v.
G. & K. TRUCKING CO., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 10, 1961.
Decided August 2, 1961.
*44 Before Judges PRICE, GAULKIN and SULLIVAN.
Mr. Paul B. Thompson argued the cause for respondent-appellant (Messrs. Lamb, Langan & Blake, attorneys; Mr. Thompson, of counsel).
Mr. Alfred G. Osterweil argued the cause for petitioner-respondent (Mr. Milton A. Schreiber, attorney; Mr. Osterweil, of counsel).
*45 The opinion of the court was delivered by PRICE, S.J.A.D.
The appeal in this workmen's compensation case involves a single major issue arising from an uncomplicated factual situation. Presented is the question whether petitioner (a resident of New York State at the time he was hired in New York by a corporation of that state and resident in that state when injured), may, under the circumstances here present, recover workmen's compensation in New Jersey from his employer, under the provisions of R.S. 34:15-7 et seq., because his injuries resulted from an accident which occurred in this State while he was driving his employer's tanker truck from Chester, New York, to a definite work assignment at Marcus Hook, Pennsylvania.
The County Court, affirming the judgment of the Division of Workmen's Compensation in favor of petitioner, held that "New York could have taken jurisdiction" but that "New Jersey may also take jurisdiction." The judge in compensation, during the course of the trial stated that "for the purposes of jurisdiction" it "doesn't make any difference" whether petitioner "was in transit," whether he "was actually working in New Jersey, if this accident had occurred in New Jersey." In his decision holding that petitioner was entitled to "invoke the New Jersey law," he held that petitioner's "passage through New Jersey several times a week between New York points and Pennsylvania points was in his regular and repeat [sic] course of employment."
Appellant contends that petitioner was not entitled to invoke the provisions of our Workmen's Compensation Act and the Division had no jurisdiction to entertain the action. However, the question is not whether the Division had jurisdiction but whether, under the facts existing in the case at bar, that jurisdiction should have been exercised. The decisions in our State indicate generally, the permissibility of its selection as the forum for the maintenance of an action under our Compensation Act if a petitioner's injury occurs here. However, in every case where the selection *46 of our State as the forum is based as here solely on the situs of the injury and such selection is challenged, the obligation is present to explore the factual circumstances attendant upon the employee's presence in this State at the time of the injury.
We pause to emphasize, as was done by Mr. Justice Oliphant in a different context in Buccheri v. Montgomery Ward & Co., 19 N.J. 594, 604 (1955), that the decision in the instant case "goes no further than the resolution of the specific problem here presented and we are deciding that and no more. We are writing for this case and this case alone." The conclusion at which we arrive that the petitioner in the instant case should not be permitted to invoke our compensation law on the basis of the mere occurrence of the injury here involved is reached solely because of the circumstances explanatory of his presence in this State at the time of injury and in light of the fact that every other significant contact with the employment relationship under scrutiny is centered in New York.
The record before us reveals that at the time he was injured petitioner was operating appellant's tank-trailer from appellant's Chester, New York headquarters to Marcus Hook, Pennsylvania, to "pick up a load of propane gas and deliver it back to Chester, New York." Petitioner's passage through New Jersey en route to his aforesaid destination in Pennsylvania was by his employer's direction. His injuries were sustained at Ridgewood, New Jersey, when the truck "went out of control" and upset. After a temporary stay at a New Jersey hospital he came under the care of a doctor in Goshen, New York. The nature and extent of petitioner's injuries are not at issue on this appeal.
It was undisputed that petitioner had been "paid * * * compensation for temporary [disability] under the New York law." Petitioner testified that such payments covered a period of "a couple of months," but that he had not applied for compensation under the New York Compensation Act. Petitioner further testified that he had received from the *47 "Workmen's Compensation Board of New York" a "Notice of Decision, indicating that the case was closed on the second non-appearance of the claimant." With the exception of his acceptance of the New York temporary disability payments, petitioner ignored such remedy as the New York Compensation Act might have afforded and elected to invoke the provisions of the New Jersey Act. Should he be permitted so to do?
In support of an affirmative answer to that question petitioner points to the decisions under the compensation acts of various states upholding the option of an injured employee to rest the selection of the forum on any of the following grounds (2 Larson, Workmen's Compensation Law, § 86.10, p. 368):
"(1) Place where the injury occurred;
(2) Place of making the contract;
(3) Place where the employment relation exists or is carried out;
(4) Place where the industry is localized;
(5) Place where the employee resides; or
(6) Place whose statute the parties expressly adopted by contract."
Reference is also made to the fact that the same author advances the opinion that "as matters now stand, it seems quite clear that the state which was the locus of any one of the first three items  contract, injury or employment  and perhaps also of the next two  employee residence and business localization  can constitutionally apply its statute if it wants to." Larson, supra, § 86.10, p. 368. (Emphasis ours) See also, 58 Am. Jur., Workmen's Compensation, § 69, p. 625; Restatement, Conflict of Laws, § 399.
After reviewing the varied and frequently oppugnant conclusions reached by the courts of various states, Professor Larson makes the following further observation (Larson, supra, § 87.22, p. 380):
"The most controversial current question turning upon the importance of the place-of-injury factor is this: does the bare fact that the injury occurred within the local state, while the employee *48 was present on a strictly temporary mission, make the local statute apply, even if all the other features of the employment are in a foreign state?"
That question in substance is the one here present. Examination of decisions in other jurisdictions, resting on various compensation acts, grounded on varied objectives sought to be achieved by those acts, and arising from discrepant factual situations present in those decisions, affords no satisfactory solution of the issue as far as our State is concerned. The basic question to be resolved is whether under the circumstances of the instant case petitioner demonstrates that this State has a sufficient interest in the work-injury to justify the application of our compensation law. Compare Wilson v. Faull, 27 N.J. 105, 116-117 (1958). The solution of this question must, of necessity, involve close scrutiny of the facts explanatory of petitioner's presence in this State at the time of injury. Stacy v. Greenberg, 9 N.J. 390, 397 (1952).
In disposing of the issue posed by this appeal, we should strive to reach a conclusion consistent not only with the liberal interpretation favoring an injured employee which our courts have followed in applying the various provisions of our Workmen's Compensation Act, but to deal justly with the non-resident employer, to the end that his observance of the Workmen's Compensation Act of the state of his residence may be honored and full effect given to the fact that he has provided the insurance protection for his employees demanded by the statute of the state where (a) he resides; (b) his employee resides; (c) the contract was made; (d) the employment relation exists; and (e) from which the particular work assignment emanated.
In Leflar, The Law of Conflict of Laws (1959), Chap. 15, § 135, p. 255, the author, after noting the general beneficent purpose of workmen's compensation laws in an industrial society, an objective which our own courts repeatedly have honored (Ciuba v. Irvington Varnish & Insulator Co., 27 N.J. 127, 138 (1958)), makes the following observations *49 pertinent to the present inquiry dealing with choice of law where the employee is seeking a compensation remedy (Leflar, supra, § 135, at p. 257):
"It is less easy to locate territorially the states which have a substantial interest in the performance of this general function of workmen's compensation laws, particularly when the industry operates across state lines, the place of hiring may be in one state and injury suffered while work was being done in another, and the residence of the employee and his family, where the burden of supporting them will likely fall if they are left penniless, is in still another state. It would be mechanically easy to pick out the place of the injury, or the place where the contract of employment was made, and hold that its law is governing. That however would take no account of the substantial interests of other states in the functioning of compensation, in cases where hiring or injury happened at places where the industry's activity is not centered or the employee does not reside. It would be possible also to characterize workmen's compensation as primarily an insurance problem, with rights existent only according to the law of the state whose compensation liability insurance system has been complied with by the employer and his insurance carrier. But that would leave the choice of governing law largely to the employer's control, and would give no answer at all for cases in which an employer had failed to arrange insurance coverage for a particular employee. [A situation not present in the instant case.] Possibly it should be assumed that all state compensation systems are reasonably adequate so that it makes little difference what state's law governs. If that be assumed, a purely mechanical choice of law rule would work as well as any other. The same assumption might be equally justified in most other areas of the law also, with the corollary conclusion that choice of law rules might well be simple and mechanical in all areas of the law. Right or wrong, the states have not accepted the assumption in either situation, and they do employ a variety of characterizations and choice of law rules in compensation cases as in others. There is good reason to believe that substantive policy considerations sometimes motivate their choices. Presumably the outer limits beyond which courts may not go in choice of workmen's compensation law are about the same as in other cases; the law selected must be one which has some substantial connection with the transaction or its fairly immediate effects."
The author then deals with various choice of law theories, as expressed in numerous decisions and statutory enactments in different jurisdictions dealing with contrasting *50 concepts of compensation, among them: (a) as "essentially a substitute for tort liability" and recovery had under the act of the place of injury; (b) a "straight contract theory" where the compensation act of the place where the contract of hiring was made was applicable to any injury, wherever incurred in the course of the employment "contracted for," in which concept the "local compensation act was said to have been incorporated into the contract of employment"; (c) situs of the employment; (d) the situs of the employment relationship; and (e) the place where the employer's business is localized. He notes that the last three divisions all involve application of the law of a place which has a substantial connection with the particular employment as well as with the total job out of which arise the risks with which the state has concerned itself. The author, noting that the "social function of a system of workmen's compensation and compensation insurance centers at the place or places" to which the latter "approach directs itself," adds that "this is more than enough to sustain the approach as far as its permissibility is concerned." Leflar, supra, § 136, pp. 258-260.
After reviewing the varied and contrasting approaches to the choice of law problems as exemplified by decisions in various jurisdictions he notes the existence of "about as many rules and combinations of rules as there are states." Leflar, supra, § 137, p. 263.
We perceive no controlling significance in the fact that on other occasions, but not on the day of the injury, petitioner by his employer's specific direction made deliveries to designated places in New Jersey. (It is to be noted that appellant is engaged in the trucking business.) The decision in the instant case must rest on the factual situation obtaining on the day in question and specifically the nature of the employer's direction, which was then operative and in obedience to which, as stated, petitioner was merely passing through New Jersey to accomplish his work assignment in Pennsylvania and thereafter return to New York.
*51 We turn to a consideration of Stacy v. Greenberg, supra, 9 N.J. 390 (1952), a case on which appellant relies heavily and the significance of which in relationship to the case at bar petitioner decries. The question there was whether New York residents employed by a New York corporation under contracts of employment entered into in New York, who sustained injuries in an automobile accident in New Jersey while returning to New York City from a work assignment in Pennsylvania and who were entitled to benefits for such injuries under the New York Compensation Law, might maintain common law tort actions in New Jersey against two of the corporation officers who respectively were the owner and operator of the automobile in which they were returning to New York.
The court in the cited case observed (9 N.J., at p. 397) that the fact that "New Jersey permits and New York denies a right of action to an injured employee against a fellow servant whose negligence or wrong occasions his injury, is no reason for our courts refusing to give controlling effect to the New York statute upon the facts presented * * *." The court held that plaintiffs were not entitled to compensation under our Workmen's Compensation Act for the injuries suffered as they "were not in New Jersey upon a work assignment to be performed in this State." Mr. Justice Brennan, writing the opinion for the court, held:
"Their [plaintiffs'] presence here, though in the course of and incident to their New York employment, was merely as transients en route back to New York City after completion of a work assignment in Pennsylvania connected with their primary New York employment. Their contact with our State was purely casual and not in the performance of their employment contracts within the reach of our decisions which imply our statute into a foreign contract of hiring to be performed in this State. American Radiator Co. v. Rogge, 86 N.J.L. 436 (Sup. Ct. 1914), affirmed 87 N.J.L. 314 (E. & A. 1915), error dismissed 245 U.S. 630, 38 S.Ct. 63, 62 L.Ed. 520 (1917)."
The court noted that, because of the foregoing quoted determination, "the cases * * * do not present the complex *52 problem of the application of conflicting workmen's compensation acts to an accident with which two or more states may have some legitimate concern * * *."
We believe that the court's foregoing characterization of plaintiffs' status in New Jersey in Stacy is applicable to the status of petitioner in the case at bar, despite the factual differences which we hereinafter consider.
There is no doubt that as petitioner in the case at bar was sent to Pennsylvania on appellant's business he remained in the course of such employment, as did the plaintiffs in Stacy in so far as compensation benefits are concerned and, to the extent that the scope of the compensation law of New York permitted, he had the right to avail himself of such benefits if he so desired.
The fact that petitioner in the instant case was operating appellant's truck from New York through New Jersey to a definite place in Pennsylvania to secure a load of propane gas, while plaintiffs in Stacy had ridden in the corporate president's car, maintained at corporate expense, from New York to Pennsylvania on the company's business and were returning to New York in the same vehicle when injured, does not make petitioner's presence here other than as a transient en route to his Pennsylvania assignment. He was using the state roads as a corridor to reach his Pennsylvania objective. His contact with New Jersey through which he was passing to reach Pennsylvania cannot be considered the equivalent of a work assignment to be performed in this State such as might be deemed to exist if, for illustration, he had gone from New York to New Jersey and by his employer's direction was, when injured, engaged in making deliveries at various places in New Jersey or had been ordered to go to certain areas in New Jersey there to perform certain work in his employer's interest. We need not now decide whether an injury sustained by a trucker making an occasional delivery in New Jersey would be sufficient to require our Workmen's Compensation Division to take jurisdiction.
*53 While in Wilson v. Faull, supra, 27 N.J., at p. 124, Mr. Justice Proctor was dealing with the choice of law in a situation which involved consideration of a common law tort action, in contrast with his earlier reference (27 N.J., at pp. 116-117) to the case of an injured employee seeking "a compensation remedy" only, his reference to "wholly fortuitous circumstances" (such as "where the injury occurred" or other significant "contacts" existed) is not without significance in the case at bar where we are dealing with the compensation remedy only. His declaration with reference to considerations of basic compensation policy and effecting fairness between the parties within the framework of that policy has a degree of application to a case such as the one at bar, even though the reason for his declaration was based on the situation present in the case (Wilson) then under consideration. He there said (27 N.J., at p. 124):
"Choice of law in the situation presented here should not be governed by wholly fortuitous circumstances such as where the injury occurred, or where the contract of employment was executed, or where the parties resided or maintained their places of business, or any combination of these `contacts.' Rather, it should be founded on broader considerations of basic compensation policy which the conflicting laws call into play, with a view toward achieving a certainty of result and effecting fairness between the parties within the framework of that policy. The injured workman has a prompt and practical compensation remedy in any state having a legitimate interest in his welfare. The person who provides that compensation in an interested state has a definitive liability which is predictable with some degree of accuracy and is granted an immunity from an employee's suit for damages which does not disappear whenever his enterprise chances to cross state lines and the suit is brought in another state. `The main desideratum should be certainty so that employers may arrange insurance and other matters accordingly, and so that needless litigation may be prevented.' Dwan, 11 Minn. L. Rev., supra, at page 352. Such a rule would in no way affect the right of a state to grant an injured employee benefits under its own compensation system where the state of the forum has a legitimate interest in the work-injury. See Gotkin v. Weinberg, 2 N.J. 305 (1949). * * *"
*54 Application of the principles above enunciated does not mean that the situs of the work injury in this state in every case warrants our court in taking jurisdiction of the compensation action. The fact that appellant in New York has provided for workmen's compensation insurance coverage and the fact that the preponderance of the significant contacts is in that state require that we scrutinize with extreme care the circumstances surrounding the presence of the employee in New Jersey where the mere fact of situs of injury is the springboard on which the action is made to rest. The employer's arrangements for insurance in the state where the significant contacts were lodged and the provisions of the policy there procured, stressed in Wilson, supra, as of extreme importance in a case involving consideration of a common law tort action, have their significance also in a case involving compensation remedy only. Such a policy may not cover a New Jersey award. See Pennsylvania Mfrs., &c., Ins. Co. v. Schmerbeck, 128 N.J.L. 180 (Sup. Ct. 1942), affirmed 131 N.J.L. 159 (E. & A. 1944).
Numerous complicating and disturbing situations may well flow from a failure to screen with care the suggested justification for the use of the New Jersey forum in a compensation case where such choice rests solely on the situs of injury. Our compensation act is one of the most liberal in the country and the justification for that liberality has been emphasized in numerous decisions. We recognize the compensability of disabilities which many states do not. Is every shipper whose vehicles cross New Jersey to reach a point in another state obliged to obtain New Jersey compensation coverage? New Jersey is a corridor state. If such shipper does not obtain such coverage and we hold him to be a subject employer under the terms of the New Jersey act, is not he guilty of a crime under the provisions of N.J.S.A. 34:15-79?
Another situation is illustrative of the basic problem presented when the selection of New Jersey as a forum for a compensation action depends solely on the fact that the *55 injury occurred here. A non-resident of New Jersey has had in his employ for several years a domestic hired as such in the home state of the employer. Both the employer and employee reside in a state which does not permit recovery of compensation benefits by such an employee if injured during the course of her employment. New Jersey is one of the few states in which such an action is maintainable. 2 Larson, Workmen's Compensation Law, p. 514; Gunther v. Metropolitan Cas. Ins. Co., 33 N.J. Super. 101, 111 (Law Div. 1954). Assume that the domestic employee is injured in New Jersey while driving the employer's automobile at his direction from his home, across New Jersey, to his summer cottage in another state, or is returning therefrom, a trip typical of those made by her several times each summer during prior years of her employment. Is the domestic employee to be awarded compensation by our courts  compensation which she could not obtain in the state of her residence and of her employment? If there be such an award and, if not paid, does her employer become subject to the imposition of penalties provided by our Compensation Act?
Such illustrations serve to emphasize the necessity of careful factual scrutiny in each compensation case where jurisdiction is asserted on the basis of the situs of injury in this State. Such analysis in each such case has as its objective the determination of the question whether an employee, when so injured, although concededly acting "in the course of and incident" to his home-state employment, is merely, as far as New Jersey is concerned, a "transient" en route to or from a work assignment in another state. Stacy v. Greenberg, supra, 9 N.J. 390, 397.
On the facts before us in the case at bar we hold that petitioner should not have been awarded compensation under our Compensation Act.
We have not based our conclusion in any degree on the fact that petitioner accepted and received temporary disability benefits under the New York Compensation Act, but *56 that fact has some bearing on emphasizing the situs of the employment.
The judgment of the County Court awarding compensation to petitioner is reversed and judgment is to be entered in favor of appellant. No costs.
SULLIVAN, J.A.D. (dissenting).
My brethren, in reversing the ruling of the County Court, rely on Stacy v. Greenberg, 9 N.J. 390 (1952), in which our Supreme Court indicated that out-of-state employees who were injured in New Jersey were not entitled to compensation under the New Jersey Workmen's Compensation Act when, at the time of the injury, such employees were not in New Jersey upon a work assignment to be performed in this State. In Stacy v. Greenberg, supra, 9 N.J., at p. 397, the Supreme Court noted that "their contact with our State was purely casual and not in the performance of their employment contracts within the reach of our decisions which imply our statute into a foreign contract of hiring to be performed in this State." However, see 2 Larson, Workmen's Compensation Law, secs. 87.20 to 87.25.
I feel that Stacy v. Greenberg, supra, calls for an affirmance of the instant case. The majority opinion herein holds that petitioner was no more than en route to a work assignment to be performed in Pennsylvania. I disagree. Petitioner's duties included not only the picking up of the load of propane gas but also driving the truck to and from the Pennsylvania depot. I would hold that a truck driver operating a truck through New Jersey, over a route prescribed by the employer, is performing a work assignment in this State.
Moreover, it was undisputed that petitioner, in the carrying out of his regular employment duties, drove through New Jersey four or five days a week. Petitioner himself testified that "most of our stops were in New Jersey, * * *. Most of my work was in New Jersey." This certainly was more than a "purely casual" contact with this State.
I would affirm.