37 N.J. 104 (1962)
179 A.2d 514
LLOYD BOYLE, PETITIONER-APPELLANT,
v.
G. & K. TRUCKING CO., RESPONDENT-RESPONDENT.
The Supreme Court of New Jersey.
Argued January 9, 1962.
Decided March 19, 1962.
*105 Mr. Alfred G. Osterweil argued the cause for the appellant (Mr. Milton A. Schreiber, attorney).
Mr. H. Curtis Meanor argued the cause for the respondent (Messrs. Lamb, Langan & Blake, attorneys).
The opinion of the court was delivered by JACOBS, J.
The Appellate Division, with one judge dissenting, set aside a compensation award which had been *106 rendered in favor of the petitioner Lloyd Boyle. He appealed to this court as of right. See R.R. 1:2-1(b).
In 1958 the petitioner was employed in New York by the respondent as a truck driver. He was then a resident of Warwick, New York but has since moved to Ramsey, New Jersey. The respondent was engaged in the business of leasing trucks and tank-trailers to Fuel Gas Corporation, Chester, New York. The petitioner's work involved his driving from Chester to pickup points in Pennsylvania and New Jersey. There the tank-trailer would be filled with gas and it would be returned by the petitioner to Chester. The petitioner testified that his New Jersey pickups were in Newark, Elizabeth, Bayonne and Clinton and that most of his work was in New Jersey. The testimony by respondent's witness Kelder indicated that the only New Jersey pickups were in Newark and Clinton and that most of the petitioner's work involved return trips between Chester, New York and points in Pennsylvania. Kelder acknowledged that, apart from the occasions when the petitioner stopped at the New Jersey pickup points, the petitioner traveled almost daily through New Jersey along a route specified by his employer.
On August 15, 1958 the petitioner was traveling through New Jersey en route from Chester, New York to Marcus Hook, Pennsylvania. While in Ridgewood, New Jersey, his truck went out of control and he was injured. He was taken to the Valley Hospital, Ridgewood, where he remained for a day or two and received medical attention. He then returned to his home at Warwick, New York, received further medical attention, and returned to work in November 1958. He never filed any claim for compensation in New York but did receive insurance company checks for "a couple of months." In February 1959 the petitioner filed a claim for compensation in New Jersey. The respondent filed an answer and a hearing was held in the Division of Workmen's Compensation. The Deputy Director rejected the respondent's contention that New Jersey lacked jurisdiction and *107 rendered an award in the petitioner's favor. On appeal to the County Court, the award was sustained but on further appeal it was set aside by the Appellate Division which held that New Jersey's interest was insufficient to justify the application of its Compensation Act. See Boyle v. G. & K. Trucking Co., 69 N.J. Super. 43 (App. Div. 1961). The Appellate Division took the position that the petitioner was merely a transient whose contact with New Jersey was purely casual but this ignored the frequency and regularity of his trips through New Jersey and his pickups within New Jersey. See 69 N.J. Super., at p. 56. It relied on Stacy v. Greenberg, 9 N.J. 390 (1952), and Wilson v. Faull, 27 N.J. 105 (1958), but they involved the rejection of common law negligence claims and did not determine whether claims may or should be entertained under New Jersey's Compensation Act for accidental injuries suffered by workmen in New Jersey while engaged in the regular performance of the duties assigned to them by their out-of-state employers. See American Radiator Co. v. Rogge, 86 N.J.L. 436 (Sup. Ct. 1914), affirmed 87 N.J.L. 314 (E. & A. 1915), appeal dismissed, 245 U.S. 630, 38 S.Ct. 63, 62 L.Ed. 520 (1917); Davidheiser v. Hay Foundry & Iron Works, 87 N.J.L. 688 (E. & A. 1915); cf. Bowers v. American Bridge Co., 43 N.J. Super. 48, 60 (App. Div. 1956), affirmed 24 N.J. 390 (1957); Buccheri v. Montgomery Ward & Co., 19 N.J. 594, 598 (1955).
In Rogge, a workman was employed in New York to do work which was partly in New York and partly in New Jersey. He was injured in New Jersey and his claim was filed under New Jersey's Workmen's Compensation Act. In sustaining the claim, the former Supreme Court rejected the contention that since the employment contract was entered into in New York, the law of that state rather than the law of New Jersey governed the employee's right to compensation. The court pointed out that the statutory obligation rests upon "the simple fact of the relationship of employer and employe" and that the act makes "no distinction between *108 cases where that relationship is created by a contract made in New Jersey and a contract made in another state." See 86 N.J.L., at p. 440. In Davidheiser, the workman was a resident of New York and was hired in New York. The accident which resulted in his death occurred in New Jersey and arose out of and in the course of his employment. In sustaining a claim under New Jersey's Workmen's Compensation Act (R.S. 34:15-1 et seq.) the Court of Errors and Appeals reaffirmed the holding and reasoning of Rogge. See 87 N.J.L., at p. 689. Although neither Rogge nor Davidheiser discussed any constitutional issues of power, it is now clear that New Jersey's interest by virtue of the fact that the workman was injured within its borders is sufficient to empower the application of its Workmen's Compensation Act despite the fact that the contract of hire was executed in another state between residents of that state. See Pacific Employers Ins. Co. v. Industrial Accident Commission, 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940 (1939); Carroll v. Lanza, 349 U.S. 408, 412, 75 S.Ct. 804, 99 L.Ed. 1183, 1188 (1955); Wilson v. Faull, supra, 27 N.J., at p. 117; 2 Larson, Workmen's Compensation Law §§ 86, 87 (1961).
In the Pacific Employers case the employee, a resident of Massachusetts, was employed in Massachusetts by a Massachusetts employer. He was sent temporarily to California and was injured there. He filed a claim for compensation under the California Workmen's Compensation Act and received an award. An attempt to have this award set aside on the ground that Massachusetts afforded the exclusive remedy was rejected by the California court and this was sustained by the United States Supreme Court. In his opinion for the Supreme Court, Justice Stone held that the Workmen's Compensation Act of California could be applied without violation of due process or the full faith and credit clause. He pointed out that although Massachusetts had an interest in safeguarding the compensation of Massachusetts employees while temporarily abroad, its interest could not override the constitutional authority of another state "to *109 legislate for the bodily safety and economic protection of employees injured within it." He expressed the view that "few matters could be deemed more appropriately the concern of the state in which the injury occurs or more completely within its power." See 306 U.S., at p. 503, 59 S.Ct., at p. 633, 83 L.Ed., at p. 945.
In Carroll v. Lanza, supra, Justice Douglas noted that the state where the workman is injured "certainly has a concern in the problems following in the wake of the injury" and that "the problems of medical care and of possible dependents are among these." See 349 U.S., at p. 413, 75 S.Ct., at p. 807, 99 L.Ed., at p. 1188; cf. Collins v. American Buslines, 350 U.S. 528, 531, 76 S.Ct. 582, 100 L.Ed. 672, 675 (1956). Professor Larson lists many of the practical considerations which support a state's exercise of its constitutional power to entertain a compensation claim by a workman hired elsewhere but injured within its borders (see 2 Larson, supra §§ 87.23  87.25); in the course of his discussion he has this to say:
"As the Pacific Employers case held, the physical presence of the injured man within the state must concern the state. His medical and hospital bills are owed to local residents, who should not be required to go to foreign states for payment; the witnesses to the accident are within the state, and most of the best evidence bearing on the circumstances of the injury; the state's safety laws and standards may be involved; and, as the Alaska Packers case [294 U.S. 532 [55 S.Ct. 518], 79 L.Ed. 1044 (1935)] stressed, the mere presence of a disabled and destitute human being within a state's borders is a social problem of concern to that state since the man may become a public charge if not provided for by compensation law." 2 Larson, supra § 87.23
In Mandle v. Kelly, 229 Miss. 327, 90 So.2d 645, 92 So.2d 246 (1956), a truck driver who was a resident of Georgia and was hired there was injured in Mississippi while on his way to Louisiana. He filed a workmen's compensation claim in Mississippi and received an award. This was sustained by the Supreme Court of Mississippi which referred to the fact that the workman had received medical care in Mississippi *110 and that the state had a legitimate concern in seeing to it that he did not become a public charge and that payment was made for the medical care. In In re Lavoie's Case, 334 Mass. 403, 135 N.E.2d 750 (1956), cert. denied Phoenix Indemnity Company v. Lavoie, 352 U.S. 927, 77 S.Ct. 224, 1 L.Ed.2d 162 (1956), a Rhode Island resident was hired in Rhode Island to do work mainly in that state. He was injured in Massachusetts while doing incidental work there. He received some compensation in Rhode Island and then filed a claim in Massachusetts. He conceded that he was not entitled to double compensation and that the sum received in Rhode Island should be credited to any Massachusetts award. See Bowers v. American Bridge Co., supra, 43 N.J. Super., at p. 65; Della Vecchia v. World Scope Publishing Co., 64 N.J. Super. 333, 343 (Essex Cty. Ct. 1960); Hudson v. Kingston Contracting Co., 58 N.J. Super. 455 (Mercer Cty. Ct. 1959). In sustaining his claim for compensation under the Massachusetts Act, the Supreme Judicial Court pointed out that denial of a compensation claim in the state of injury may often have "undesirable consequences." In particular it may be more difficult for the worker to prove his case in the state where his contract was made than in the state of injury "where he would have the benefit of witnesses who could establish the fact of injury." And there is the possibility that "an employee injured here, if remediless, might become a public charge." (See 2 Larson, supra § 87.24.) The Massachusetts court, citing Goodrich, Conflict of Laws 286 (3d ed. 1949), noted that its conclusions were in accord with views expressed in other states. See 135 N.E.2d, at p. 752; Restatement, Conflict of Laws § 399 (1934); 58 Am. Jur. Workmen's Compensation § 69 (1948). There appears to be little doubt that courts throughout the country will generally entertain claims arising by virtue of injuries suffered by workmen while within their borders, notwithstanding the fact that the employment relationship originated elsewhere. See Pacific Employers Ins. Co. v. Industrial Acc. Comm., 10 Cal.2d 567, *111 75 P.2d 1058 (1938), affirmed 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940 (1939); Douthwright v. Champlin, 91 Conn. 524, 100 A. 97 (1917); In re Hillenbrand, 80 Idaho 468, 333 P.2d 456 (1958); Carl Hagenbeck & Great Wallace Show Co. v. Randall, 75 Ind. App. 417, 126 N.E. 501 (1920); Schmidt v. Pittsburgh Plate Glass Co., 243 Iowa 1307, 55 N.W.2d 227 (1952); Coble v. Williams, 177 Kan. 743, 282 P.2d 425 (1955); Johnson v. El Dorado Creosoting Co., 71 So.2d 613, 618-619 (La. App. 1954); Smith v. Heine Safety Boiler Co., 119 Me. 552, 112 A. 516 (1921); Conover v. Rust Engineering Co., 279 Mich. 16, 271 N.W. 536 (1937); Esau v. Smith Bros., 124 Neb. 217, 246 N.W. 230 (1933); Beck v. Davis, 175 Okl. 623, 54 P.2d 371 (1936); Weinberg v. State Workmen's Ins. Fund, 368 Pa. 76, 81 A.2d 906 (1951); Knight v. Shepherd, 191 S.C. 452, 4 S.E.2d 906 (1939); United States Casualty Co. v. Standard Acc. Ins. Co., 175 Tenn. 559, 136 S.W.2d 504, 126 A.L.R. 876 (1940); Traders & General Ins. Co. v. Stakes, 131 S.W.2d 270 (Tex. Civ. App. 1939); Buckingham Transp. Co. v. Industrial Comm., 93 Utah 342, 72 P.2d 1077, 1082-1083 (1937): Perfect Seal Rock Wool Mfg. Co. v. Industrial Comm., 257 Wis. 133, 42 N.W.2d 449 (1950); cf. Ohio v. Chattanooga Boiler & Tank Co., 289 U.S. 439, 53 S.Ct. 663, 77 L.Ed. 1307 (1933); Ocean Accident & Guarantee Corp. v. Industrial Comm., 32 Ariz. 275, 257 P. 644 (1927); United States Fidelity & Guar. Co. v. Industrial Comm., 99 Colo. 280, 61 P.2d 1033 (1936); Hartford Accident & Indemnity Co. v. Welker, 75 Ga. App. 594, 44 S.E.2d 160 (1947); Ginsburg v. Byers, 171 Minn. 366, 214 N.W. 55 (1927); State ex rel. Weaver v. Missouri Workmen's Compensation Comm., 339 Mo. 150, 95 S.W.2d 641 (1936); Bauss v. Consolidated Chimney Co., 270 App. Div. 70, 58 N.Y.S.2d 717 (1945).
The respondent does not contend that the petitioner is barred by the payments he received in New York, nor does it attack the amount of the New Jersey compensation award. Furthermore, it expressly concedes that New Jersey has *112 constitutional jurisdiction to make an award to the petitioner although it urges that, as a matter of policy, it should decline to exercise that jurisdiction. When New Jersey's Legislature adopted its Workmen's Compensation Act, it sought to afford an expeditious and certain remedy to injured workmen by the imposition of absolute but limited liability upon their employers. Nowhere in the act is there any exclusion of workmen injured in New Jersey whose employment relationships arose elsewhere and the pertinent policy considerations, which are clearly set forth in Larson and in the decisions cited earlier in this opinion, firmly support their inclusion. If the petitioner had come from a distant state and his injuries had necessitated long hospital confinement and extensive medical attention in New Jersey, the danger of his becoming a public charge, the need for providing payment to the local doctors and hospitals, and the other policy factors supporting New Jersey's exercise of jurisdiction would be evident to all. But the exercise of jurisdiction should not turn on such variants, particularly in this field where certainty is said to be of such great importance. See Wilson v. Faull, supra, 27 N.J., at p. 124, citing Dwan, "Workmen's Compensation and Conflict of Laws," 11 Minn. L. Rev. 329, 352 (1927). The petitioner is justly permitted to file his claim for compensation in our State because he was accidently injured here while performing his duties here on a work assignment from his employer. While this may afford a choice of jurisdictions to the employee (see Wilson v. Faull, supra, 27 N.J., at p. 117; Gotkin v. Weinberg, 2 N.J. 305, 307 (1949)), it does not afford double compensation (see Bowers v. American Bridge Co., supra, 43 N.J. Super., at p. 65; In re Lavoie's Case, supra, 135 N.E.2d, at p. 751) and to the extent that it allows the employee to seek the highest available amount of compensation it is consonant with the high-minded remedial purposes underlying compensation enactments. See Langschmidt, "Choice of Law in Workmen's Compensation," 24 *113 Tenn. L. Rev. 322 (1956); cf. Leflar, The Law of Conflict of Laws 263-264 (1959).
It must be borne in mind that, unlike a common law negligence claim, a compensation claim is fixed and limited. The business employer (as distinguished perhaps from the household employer with whom we are not here concerned (see 69 N.J. Super., at p. 55)) is aware of the nature and extent of his compensation responsibility and he protects himself by obtaining proper insurance coverage. Where he sends his workman to or through another state on a work assignment he knows that the workman may suffer injury and assert a claim for compensation in such other state. The employer's insurance should, of course, be broad enough to cover such claim. There seems to be little question that if the petitioner had suffered his accident in Pennsylvania and had filed his compensation claim there, the Pennsylvania court would have exercised jurisdiction. See Weinberg v. State Workmen's Ins. Fund, supra, 81 A.2d, at p. 908; Cookson v. Knauff, 157 Pa. Super. 401, 43 A.2d 402, 406 (1945). While the respondent, citing Proper v. Polley, 233 App. Div. 621, 253 N.Y.S. 530 (1931), affirmed 259 N.Y. 516, 182 N.E. 161 (1932), suggests that New York would not have exercised jurisdiction if it were situated as New Jersey is in the present instance, we are not at all certain that that would be so. See Bauss v. Consolidated Chimney Co., supra; Coyle v. Safeway Stores, 281 App. Div. 933, 119 N.Y.S.2d 617 (1953), leave to appeal denied 305 N.Y. 929, 113 N.E.2d 309 (1953); cf. Cafiero v. P. Ballantine & Sons, 1 A.D.2d 527, 151 N.Y.S.2d 862 (1956), leave to appeal denied 2 N.Y.2d 705, 137 N.E.2d 242 (1956), where the New York court sustained a compensation award in a case where a New Jersey truck driver employed in New Jersey by a New Jersey brewery was injured while making his regular deliveries in New York. In any event, we need not be particularly concerned with what the New York court would hold, for the matter before us is admittedly one of New Jersey law and policy. We are *114 satisfied that under the circumstances, the Division of Workmen's Compensation fairly and justly entertained jurisdiction of the petitioner's claim and that the Appellate Division erred in setting aside the award which had been rendered by the Deputy Director and had been sustained by the County Court.
Reversed.
For reversal  Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN  7.
For affirmance  None.