171 N.J. Super. 457 (1979)
410 A.2d 48
EDWARD R. STEWART AND ANN T. STEWART, INDIVIDUALLY, AND EDWARD R. STEWART, ADMINISTRATOR AD PROSEQUENDUM FOR THE ESTATE OF EDWARD R. STEWART, JR., DECEASED, PLAINTIFFS-APPELLANTS,
v.
NATIONWIDE INSURANCE COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 20, 1979.
Decided December 6, 1979.
*459 Before Judges FRITZ, KOLE and LANE.
Philip L. Faccenda argued the cause for appellants (Ferrara and Faccenda, attorneys).
Walter F. Gavigan argued the cause for respondent (Pancari and Pagliughi, attorneys).
The opinion of the court was delivered by KOLE, J.A.D.
On February 20, 1977 plaintiffs' decedent, a pedestrian, was struck by an automobile operated by Perry, defendant's insured, while walking along a road in Camden County, New Jersey. He suffered serious bodily injuries as a result of the accident ultimately causing his death in March 1977. Perry, the driver, was a resident and domiciliary of Pennsylvania at the time of the accident. His automobile, garaged in that state, was insured with defendant insurance company in accordance with the Pennsylvania No Fault Motor Vehicle Insurance Act (hereinafter, the Pennsylvania No Fault statute).
*460 Various medical, funeral and other expenses were incurred as a result of the accident and subsequent death. The expenses totaled $20,631, subject to an offset of $255 representing a Social Security payment.
Plaintiffs notified defendant of the accident and death on or about May 12, 1977. They also informed defendant that neither decedent nor anyone else in his immediate family or household was covered by automobile liability insurance.
Defendant refused to pay the amounts claimed to be due as personal injury protection benefits (PIP), relying on paragraph J of Endorsement 1299A of its policy, which provides that coverage does not apply to bodily injury to "any pedestrian other than the Named Insured or any relative, if the accident occurs outside the Commonwealth of Pennsylvania...." (Emphasis in original)[1].
This declaratory judgment action followed.
The trial judge granted defendant's motion for summary judgment and denied that of plaintiffs. It held that the rights and liabilities of defendant under its policy were to be determined by the law of Pennsylvania, the state where the contract was made. It applied the foregoing policy exclusion from PIP benefits of victims such as plaintiffs' decedent where the accident occurs outside of the state. It appears to have relied on the provisions of the Pennsylvania No Fault statute, hereafter discussed, which permits such exclusion. It noted, however, that the plaintiffs had instituted a "regular negligence action against the defendant's insured in which all of the claims sought in the instant suit are proper elements of damage."
On this appeal plaintiffs contend, among other things, that the availability of PIP benefits to a New Jersey pedestrian injured in New Jersey by a Pennsylvania driver should be governed by the provisions of the New Jersey Automobile *461 Reparation Reform Act, N.J.S.A. 39:6A-1 et seq. (New Jersey No Fault Act). In that event pedestrians such as decedent who were injured in an accident in New Jersey could obtain PIP benefits. They also contend that even if Pennsylvania law is applicable, defendant is obligated to pay such benefits under Pennsylvania law.
We are satisfied that, irrespective of whether New Jersey or Pennsylvania law is applicable, the summary judgment in favor of defendant was properly granted. We note parenthetically that it would appear that Pennsylvania law should be applied. See Buzzone v. Hartford Acc. and Indem. Co., 23 N.J. 447, 452 (1957), aff'g. 41 N.J. Super. 511 (App.Div. 1956); American Hardware Mut. Ins. Co. v. Bradley, 153 N.J. Super. 72 (App.Div. 1977). Plaintiffs' reliance on the workmen's compensation cases such as Boyle v. G. & K. Trucking Co., 37 N.J. 104 (1962), as authority for applying New Jersey law here is misplaced. In Boyle the court specifically noted that the New Jersey Workmen's Compensation Act did not limit coverage to employees hired by New Jersey employers. 37 N.J. at 112. As indicated below, it is evident that the New Jersey No Fault Act is designed and intended to mandate PIP coverage only for automobiles registered or principally garaged in this State.
Plaintiffs contend that all automobiles, regardless of whether they are owned by nonresidents and garaged out-of-state, are subject to the mandatory coverage requirements of N.J.S.A. 39:6A-4. They note that N.J.S.A. 39:6A-4 extends to "[e]very automobile liability insurance policy insuring an automobile as defined in this act...." They assert that since "automobile," as defined in N.J.S.A. 39:6A-2(a), is not restricted to vehicles registered or garaged in this State, it follows that N.J.S.A. 39:6A-4 extends to all automobiles regardless of their place of origin.
This position, which focuses on isolated provisions of the New Jersey No Fault Act, is erroneous. The trial judge properly construed N.J.S.A. 39:6A-4 in conjunction with N.J.S.A. 39:6A-3. *462 The latter section provides, in pertinent part, that:

Every owner or registered owner of an automobile registered or principally garaged in this State shall maintain automobile liability insurance coverage, .. . insuring against loss resulting from liability imposed by law for bodily injury, death and property damage sustained by any person arising out of the ownership, maintenance, operation or use of an automobile wherein such coverage shall be at least in: .... [Emphasis supplied]
This provision describes the types of automobiles which must have automobile liability insurance coverage. The class is specifically limited to automobiles registered or principally garaged in New Jersey. N.J.S.A. 39:6A-4 then provides, in pertinent part:

Every automobile liability insurance policy insuring an automobile as defined in this act against loss resulting from liability imposed by law for bodily injury, death and property damage sustained by any person arising out of ownership, operation, maintenance or use of an automobile shall provide additional coverage, as defined herein below... for the payment of benefits without regard to .. . fault of any kind, to the named insured and members of his family residing in his household who sustained bodily injury as a result of an accident involving an automobile, to other persons sustaining bodily injury while occupying the automobile of the named insured or while using such automobile with the permission of the named insured and to pedestrians, sustaining bodily injury caused by the named insured's automobile or struck by an object propelled by or from such automobile. [Emphasis supplied]
N.J.S.A. 39:6A-4 does not extend mandatory PIP coverage to automobiles not covered by the prior section. It extends such coverage only to every automobile liability insurance policy already required by the act and provides that such liability insurance policy must provide additional coverage in the form of PIP benefits. To determine what automobiles are subject to the additional PIP coverage, one must refer to the prior section, N.J.S.A. 39:6A-3. That section, as noted previously, only extends mandatory coverage to automobiles "registered or principally garaged in this State." Thus, plaintiffs' contention that *463 N.J.S.A. 39:6A-4 makes PIP coverage mandatory for automobiles garaged or registered out of the State is without merit. See, also, Iavicoli, No Fault and Comparative Negligence in New Jersey, § 41 at 95 (1973).
As indicated, plaintiffs also claim that the exclusionary clause in the policy for pedestrians such as their decedent must be voided even if the Pennsylvania No Fault Motor Vehicle Insurance Act, Pa. Stat. Ann., Tit. 40, § 1009.101 et seq. (Purdon) (Supp. 1979) is applicable. They rely specifically on Pa. Stat. Ann., Tit. 40, § 1009.110(b)(1) (hereinafter, § 110(b)(1)), which provides:
§ 1009.110 Motor vehicles in interstate travel
(a) General.  An owner of a motor vehicle who has complied with the requirements of security covering a motor vehicle in this Commonwealth shall be deemed to have complied with the requirements for such security in any state in which such vehicle is operating.
(b) Conforming coverage. 
(1) An obligor providing security for the payment of basic loss benefits shall be obligated to provide, and each contract of insurance for the payment of basic loss benefits shall be construed to contain, coverage sufficient to satisfy the requirements for security covering a motor vehicle in any state in which any victim who is a claimant or whose survivors are claimants is domiciled or is injured.
They argue that "[t]his section of the Act declares in unmistakably clear language that insurance policies written in Pennsylvania shall be construed to comply with motor vehicle security requirements of states wherein victims of accidents involving insured Pennsylvania motorists are domiciled." However, they also recognize that there is another section of the Pennsylvania No Fault Act which would seem to validate the exclusionary clause at issue. That provision is Pa. Stat. Ann., Tit. 40, § 1009.201(b) (hereinafter, § 201(b)), which provides:
*464 § 1009.201 Right to basic loss benefits; limitation on benefits
........
(b) Accident outside this State.  If the accident resulting in injury occurs outside of this Commonwealth, a victim or a survivor of a deceased victim is entitled to receive basic loss benefits if such victim was or is:
(1) an insured; or
(2) the driver or other occupant of a secured vehicle.
They contend, however, that this provision is not in conflict with the section upon which they rely, since it is only intended to apply to accidents occurring in states outside of Pennsylvania which do not have no fault plans. In any event, they say, if there is an irreconcilable conflict between the two provisions, that which they desire to employ should be given controlling effect since it is more specific.
We are satisfied that there is no conflict between these two statutory provisions and that the exclusionary clause should be given effect. As noted previously, plaintiffs rely on § 110(b)(1) of the act, which provides that
... each contract of insurance for the payment of basic loss benefits shall be construed to contain, coverage sufficient to satisfy the requirements for security covering a motor vehicle in any state in which any victim who is a claimant or whose survivors are claimants is domiciled or is injured. [Emphasis supplied]
The key to evaluating plaintiffs' position is to understand what is meant by "security" in § 110(b)(1).
Pa. Stat. Ann., Tit. 40, § 1009.103, states in part:
"Security covering a motor vehicle," "security covering the vehicle," and "security" means the security which is provided in accordance with section 104 of this act.
Section 104 provides in pertinent part:
(a) Security covering a motor vehicle.  Every owner of a motor vehicle which is registered or which is operated in this Commonwealth by the owner or with his permission, shall continuously provide security covering such motor vehicle while such vehicle is either present or registered in the Commonwealth. Security shall be provided for the payment of basic loss benefits, and for the payment *465 of sums up to a total limit of thirty thousand dollars ($30,000) which the owner or any person operating the vehicle with the express or implied permission of the owner may become liable to pay as damages because of bodily injury or death arising out of any one accident (subject to a sublimit of fifteen thousand dollars ($15,000) for damages arising out of the bodily injury or death of any one person) and for the payment of damages for injury to or destruction of property in any one accident of amounts up to a total limit of five thousand dollars ($5,000). The owner or any other person may provide security covering a motor vehicle by a contract of insurance with an insurer or by qualifying as a self-insurer or as an obligated government.
It is apparent that "security" refers to the level of coverage which must be provided for the payment of basic loss benefits and for third-party liability insurance claims for bodily injury and property damages arising out of an automobile accident. Section 110(b)(1), by specifically referring to "security," thus requires that the level of coverage in a Pennsylvania policy be raised to conform with minimum coverage requirements of the state in which the accident occurs in the event that the other state has mandated a higher minimum. The provision goes no further, however. It does not require that the Pennsylvania policy be deemed modified so that it covers all classes of persons protected under the no fault statute in effect in the state in which the accident occurs. It does not give basic loss or PIP benefits for out-of-state accidents to persons specifically excluded from receiving such benefits under Pennsylvania law.
By enacting § 201(b) the Pennsylvania Legislature made it clear that basic loss or PIP benefits are not to be afforded to a pedestrian in out-of-state accidents unless that person was an "insured" under a Pennsylvania policy or "the driver or other occupant of a secured vehicle."
Additionally, even if § 201(b) were deemed to conflict with § 110(b)(1), § 201(b) would be controlling since it essentially specifically addresses the fact pattern in this case. See, 1 Pa.Const.Stat.Ann., § 1933 (Supp. 1979).
*466 Finally, we note that a Pennsylvania administrative regulation providing a sample basic personal injury protection endorsement that will meet minimum requirements for provision of basic loss benefits coverage actually permits the exclusionary clause attacked here. See, 31 Pa. Code, § 66.2(A), Exclusion (j). The exclusionary clause of the policy in the instant case follows the language of Exclusion (j) word for word.
Plaintiffs argue that this regulation is unauthorized by the Pennsylvania No Fault statute. We disagree. It plainly follows the provisions of the statutory scheme we have discussed, including § 201(b).
We have considered the other contentions raised by plaintiffs and find them to be without merit.
We, of course, express no views on the extent to which defendant is obligated to pay essential service benefits, in view of our determination that PIP benefits may not be obtained by plaintiffs in any event.
Affirmed. No costs.
NOTES
[1] The Pennsylvania statute provides for "basic loss benefits" which are similar to New Jersey's PIP benefits. Pa. Stat. Ann., Tit. 40, § 1009.103. Both will be referred to as PIP benefits.